■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE LAURITSCH, Appellant, v. JOHN T. DEEGAN, as Warden of Auburn State Prison, Respondent. — Appeal unanimously dismissed as moot. (*People ex rel. Wilder* v. *Markley*, 26 N Y 2d 648.) (Appeal from judgment of Cayuga County Court dismissing writ of habeas corpus.) Present — Goldman, P. J., Gabrielli, Moule, Cardamone and Henry, JJ.

■ RICHARD A. PEARCE et al., Respondents, v. WILLIAM L. WATSON CO., INC., Appellant.— Order unanimously reversed, without costs, and motion denied. Memorandum: Under the circumstances of the long delay presented here, and particularly plaintiffs' delay of two and one-half years after dismissal of the action in moving to open their default and to restore the case to the calendar for trial, plaintiffs have failed to make the requisite showing of facts sufficient to excuse the delay in prosecution. Inadvertent fault of counsel and causes associated with "law office failures" do not provide a reasonable basis for excusing the delay in prosecution presented by the record. (See *Kriegsman* v. *Rosenfeld*, 35 A D 2d 693; *Goldberg* v. *Soifer*, 30 A D 2d 533; *Filippi* v. *Grand Union Co.*, 30 A D 2d 532; *Sortino* v. *Fisher*, 20 A D 2d 25.) In answer to plaintiffs' counsel's allegation that it is his recollection that before and after the dismissal he had conversations with representatives of the defendant concerning settlement of plaintiffs' claim, defendant's counsel unequivocally states that he was the last person representing defendant to talk with plaintiffs' counsel concerning a settlement and that such conversation took place almost two years prior to the dismissal of the action. Settlement negotiations do not provide a reasonable excuse for delay in prosecution beyond a brief interval after the last communication. (*Sortino* v. *Fisher, supra.*) (Appeal from order of Erie Special Term, granting motion to open default and restoring case to Trial Calendar.) Present — Goldman, P. J., Del Vecchio, Marsh, Witmer and Moule, JJ.