■ GENEVIEVE A. TRUDEL et al., Respondents, v. LAUBE'S AMHERST, INC., et al., Appellants. GENEVIEVE A. TRUDEL et al., Respondents, v. ALAN KOZLOWSKI, Appellant.— Order unanimously reversed, without costs, and motion denied. Memorandum: It was an improvident exercise of discretion for the Calendar Justice to restore these negligence actions to the Trial Calendar. The accident upon which action No. 1 was based occurred over seven years ago, on July 9, 1965 and suit on it was not begun until July 2, 1968. Action No. 2 was based on an accident which occurred on September 16, 1966, and suit on it was begun by service on the defendant on July 3, 1968. The two actions were joined together in one complaint; and defendants in action No. 1 moved to sever them, but defendant in action No. 2 was not made a party to the motion nor was he notified thereof. The motion was denied by order dated November 4, 1968; and the movants therein promptly served notice of appeal from that order. Nothing further has been done with respect to that appeal. In April, 1969 bills of particulars in both actions were served on the plaintiffs, and notes of issue, without statements of readiness, were duly filed. Examinations before trial were held in August, 1969. Physical examinations of plaintiff wife were applied for in early 1970 and held in action No. 2 on March 30, 1970, but deferred in action No. 1 until June 22, 1970. On June 10, 1970 the two actions were marked " Off " the calendar and placed on the General Docket for failure of plaintiffs to file statements of readiness as required; and because no application to restore the actions and proceed with them was taken during the ensuing year, on June 11, 1971, pursuant to CPLR 3404 and court rule 22 NYCRR 1024.13, the actions were dismissed for failure to prosecute. In August, 1971 plaintiff

sought unsuccessfully to have the defendants consent to restore the actions to the calendar; and on October 20, 1971 plaintiffs, after some difficulty in obtaining a doctor's statement, moved to restore the actions to the calendar; and this appeal is from the order granting that motion. Although plaintiffs had the legal right to wait two or three years after each of the two accidents to institute their actions, such initial delay placed a burden upon them to avoid any unnecessary delay in subsequent proceedings in the actions after they were begun. Such delay dims the recollections of witnesses and makes more difficult the judicial task of rendering justice to the parties (see *Sortino* v. *Fisher*, 20 A D 2d 25). The delay in these actions is attributable to law office failures, which are not proper excuses (see *Sortino* v. *Fisher, supra*; *Pearce* v. *Watson Co.*, 37 A D 2d 686; *Alaimo* v. *D & F Transit*, 35 A D 2d 776; *Delmonte* v. *Wozniak*, 29 A D 2d 735; *Hamilton* v. *Dudley*, 27 A D 2d 701). The only unusual feature in this case, and upon which the Calendar Justice relied, is the fact of the pendency of an appeal by defendants in action No. 1 from the order of November, 1968. Such an appeal afforded plaintiffs no excuse for inaction. When defendants in action No. 1 showed no interest in moving their appeal, plaintiffs had the responsibility to move to dismiss it or have it determined (22 NYCRR 1000.3). These are plaintiffs' causes of action and plaintiffs had the duty to prosecute them diligently. A restoration of these actions would constitute a reversal of the policy to which our courts have steadfastly adhered for many years. (Appeal from order of Erie Supreme Court vacating dismissal of negligence action and restoring to Trial Calendar.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.