■ GRACE PELL et al., Respondents, v. WILLIAM H. BUTTON, JR., Defendant, and ROOSEVELT HOSPITAL, Appellant. ROOSEVELT HOSPITAL, Plaintiff, v. GRACE PELL et al., Defendants. WILLIAM H. BUTTON, JR., Plaintiff, v. JOHN B. PELL et al., Defendants.— Order, Supreme Court, New York County, entered on December 19, 1973, unanimously reversed, on the law and in the exercise of discretion, and the motion of defendant-appellant to dismiss the complaint for lack of prosecution granted, without costs and without disbursements. After service of a bill of particulars in this malpractice case, nothing further was done by plaintiffs-respondents until defendant served a 45-day notice (CPLR 3216) almost two and one-half years later. It was received on August 21, 1973, but a note of issue was not filed until October 17, 1973, 57 days later. Meanwhile, the subject motion to dismiss was made, in opposition to which plaintiff cited (1) the illness of the attorney of record, (2) alleged prematurity of the motion to dismiss because it was made on the last day to file the note of issue, (3) failure of the attorney of record to give the complete file timely to counsel appearing on the motion, and (4) residence of plaintiffs in Switzerland as an excuse for the delay. The ground of prematurity is without merit; though plaintiffs did have the entire 45th day available until the close of business for filing the note of issue, the plain fact is that they did not do so until 12 days later. The motion itself was not returnable until one day before the belated filing of the note of issue, and, actually, the notice of motion may not have been prepared till after the closing of business on the 45th day. Nor is either of the three excuses for delay sufficient to excuse the neglect to be inferred from lack of activity. (See *Sortino* v. *Fisher,* 20 A D 2d 25.) Finally, the purported affidavit of merit is not such at all. It is made by a physician who states his opinion, based on an examination of the hospital records, that there had been malpractice in the care and treatment of the patient plaintiff. Absence of a proper affidavit of merit is a death blow to plaintiff's case. (See *Palm* v. *American Progressive Health Ins. Co.,* 34 A D 2d 629.) The motion to dismiss should have been granted. Concur — McGivern, P. J., Markewich, Murphy and Tilzer, JJ.