■ RUTH SOSIS, Respondent, v. 120 LIBERTY STREET FOUNDATION COMPANY, Appellant.— Order, Supreme Court, New York County, entered on April 22, 1974, granting defendant's motion to dismiss the action unless plaintiff serves a complaint within 20 days, unanimously modified, on the law and in the exercise of discretion, without costs and without disbursements, so as to dismiss the action unconditionally. We are able to glean from the scanty record and brief that this action was commenced by the service of a summons alone on May 10, 1973 to recover damages for injuries suffered in an accident on May 4, 1970. (Thus, it would appear that it was untimely commenced. CPLR 214.) Defendant served its notice of appearance with a demand for a complaint on May 30, 1973. No complaint having been forthcoming for about 10 months, defendant, in February, 1974, moved to dismiss the action. No cross motion to be relieved of her default was made by plaintiff. No valid excuse or justification for the delay has been shown. No merit to plaintiff's cause appears. One of plaintiff's counsel succinctly avers: "Due to the pressures of the trial calendar of the various partners in this firm, it has been impossible for your deponent to meet with the plaintiff personally to discuss all the details of her accident so as to properly frame the complaint." Plaintiff's counsels' cavalier treatment of this lawsuit is compounded by their failure to oppose this appeal. No legitimate attempt is made to excuse the shameful delay — no affidavit of merit was submitted. The motion to dismiss unconditionally should have been granted. (See Hellner v. Mannow, 41 A D 2d 525 and cases therein cited.) Concur — McGivern, P. J., Markewich, Nunez, Lupiano and Lane, JJ.