■ JOHN P. KENNEDY, Respondent, v. WEIL-MCLAIN COMPANY OF NEW YORK, INC., Appellant.— Order unanimously reversed, with costs, and motion denied. Memorandum: Defendant appeals from an order vacating a prior order dismissing plaintiff's complaint as abandoned (CPLR 3404). Plaintiff seeks damages resulting from the cracking of a boiler purchased in 1961. The cause of action for breach of warranty arose on November 19, 1969. The proceedings were commenced on May 7, 1971 and issue was joined on August 16, 1971. The bill of particulars was served on December 20, 1971 and a note of issue was filed with the clerk the same day. The case was placed on the general docket on April 18, 1973 .(22 NYCRR 1155.3 [b]) and on April 19, 1974 it was dismissed as abandoned upon application of defendant. Plaintiff substituted his present attorneys for his original counsel on March 4, 1974. Despite review of the file by at least two members of the firm, it was not discovered that a note of issue had been filed and stricken and no inquiry or other action was taken to correct the situation until a motion to vacate the judgment was made on September 11, 1974 returnable October 1, 1974. The only excuse for the delay offered by plaintiff's attorney is that when the file was received it was disorganized and the copy of the note of issue was misplaced between the pages of an exhibit. No explanation of the delay of the prior attorney is offered and there is no indication in the record of any effort to inquire of the court or opposing counsel about the status of the case. The note of issue was discovered accidentally some time later. The delay in vacating the judgment and restoring the case to the calendar was occasioned solely by the neglect of plaintiff's former and present counsel. We have repeatedly held that "law office failures" do not provide a reasonable basis for excusing delay in the prosecution of cases (*Williams* v. *Mallinckrodt Chem. Works*, 42 A D 2d 1044; *McIntire Assoc.* v. *Glens Falls Ins. Co.*, 41 A D 2d 692; *Trudel* v. *Laube's Amherst*, 40 A D 2d 625; *Pearce* v. *Watson Co.*, 37 A D 2d 686). It was an improvident exercise of discretion to grant the application. The order is reversed. (Appeal from part of order of Erie Special Term, restoring action to calendar.) Present — Marsh, P. J., Simons, Mahoney and Goldman, JJ.