██ TRAVELERS INDEMNITY COMPANY, Respondent, v CENTRAL TRUST COMPANY OF ROCHESTER, Appellant.—Order unanimously reversed, with costs; motion to restore the case to the Trial Calendar denied and cross motion to dismiss the action for nonprosecution granted. Memorandum: Less than three weeks before one year would have expired from the time this action had been moved from the Trial Calendar to the general docket plaintiff brought on this motion to restore the case to the Trial Calendar. Defendant thereupon cross-moved for dismissal of the action for nonprosecution under CPLR 3216. It was an improvident exercise of discretion for Special Term to grant restoration and to deny dismissal. This action to recover moneys allegedly wrongfully diverted to defendant in violation of

the Lien Law was commenced on November 19, 1962, almost 13 years ago. Issue was joined on December 5, 1963. A note of issue was filed on December 4, 1970 after some preliminary motions and appeals had been disposed of. In October, 1971 plaintiff's present counsel was substituted for the attorneys by which it had previously been represented. In March, 1972 a statement of readiness was filed and the case appeared on the calendar for the first time on April 12 of that year. Subsequently the case appeared on the calendar six additional times up to December 19, 1973. While the record is incomplete as to the reasons for all the adjournments, plaintiff ascribes only one of these to a request by defendant's counsel and defendant denies the accuracy of that allegation. On the final occasion on which the case appeared on the calendar, December 19, 1973, defendant asserts that plaintiff again was not ready to try the case, which was therefore removed to the general docket. Plaintiff states that its counsel at that time advised the court that it wished a pretrial on the case and that a trial of more than two weeks would be required, following which the court stated that it would remove the case to the general docket "which would permit either party to arrange a pretrial or a trial date within one year". Nothing further happened in the action until plaintiff's motion to restore the case to the calendar, which was made on December 2, 1974, at which time defendant countered with its motion to dismiss for nonprosecution. The record is devoid of any satisfactory explanation for plaintiff's failure to prosecute the action after it first reached the Trial Calendar on April 12, 1972. Since plaintiff ascribes only one of the half dozen adjournments to defendant, it must be assumed that the remaining adjournments are chargeable to conduct by the plaintiff. Furthermore, plaintiff's failure to pursue the pretrial which it indicated it wanted on December 19, 1973 gives continuing evidence of its inattention to the action. We disagree with the position of Special Term that the defendant was required to serve on plaintiff a 45-day notice to file a note of issue before it could succeed on the motion to dismiss. A note of issue having already been filed by plaintiff on December 4, 1970, the 45-day notice requirement of CPLR 3216 was not applicable. *(Trudel v Laube's Amherst, Inc.,* 40 AD2d 625. (Appeal from order of Monroe Special Term restoring case to calendar.) Present—Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.