■ JOSEPH CISLO, Respondent, v JOHN DI PASQUALE, Appellant.—Order unanimously reversed, without costs, and motion denied. Memorandum: On October 11, 1972 this case was sent to the general docket for lack of a statement of readiness. Pursuant to CPLR 3404 a certificate of abandonment was secured on November 12, 1973 and the motion now under consideration is dated November 19, 1974. It is readily apparent from this chronology that over two years elapsed between the time the case was sent to the general docket and the time that the present motion was made. The moving papers which attempt to excuse the long delay due to the fault of counsel or his employee, are not sufficient, nor does the fact that an offer of settlement had been made and subsequently withdrawn work to the benefit of the respondent in view of the circumstances. It is well settled that negotiations for settlement do not provide an excuse for delay beyond a brief interval after the last communication *(Sortino v Fisher,* 20 AD2d 25; see, also, *Alaimo v D & F Transit.,* 35 AD2d 776). It is also a prerequisite to the restoration of a case to the trial calendar that a showing be made both of a valid excuse for default and a meritorious claim *(Ad Press Ltd. v Environmental Enterprises,* 41 AD2d 636; *Pell v Button,* 44 AD2d 549). Neither of these requirements has been met in the moving papers. (Appeal from order of Erie Supreme Court opening default judgment in negligence action.) Present—Marsh, P. J., Cardamone, Simons, Mahoney and Goldman, JJ.