■ GENEVIEVE H. MINER, as Executrix of ROY P. WARREN, Deceased, Respondent, v WILLIAM S. MERRELL Co. et al., Appellants. (Appeal No. 2.)— Order unanimously reversed, without costs, plaintiff's motion denied; cross motion granted and complaint dismissed. Memorandum: This action was begun by service of a summons in August, 1964 and a complaint in January, 1965. Plaintiff filed a note of issue in September, 1966 for the November Trial Term. In September, 1967 the case was removed to the general docket. Within one year thereafter plaintiff's motion to restore the case to the Trial Calendar was granted, and he filed a new note of issue and a statement of readiness on September 27, 1968. Despite the statement of readiness, plaintiff moved by order to show cause for an examination before trial. In granting the show cause order Special Term returned the case to the general docket with the notation thereon, "Do not dismiss upon condition that all pretrial proceedings be accomplished within three months." That time was later extended to February 17, 1969. Defendants' motion for a protective order was denied in January, 1969, and they appealed. We reversed the denial order and granted the protective order on October 28, 1971 (37 AD2d 913). This was ample notice to plaintiff that the notation on this case, "Do not dismiss", from the general docket was without substance. The next court activity in connection with this case occurred over four years later, on December 10, 1975, when plaintiff moved to restore the case to the Trial Calendar. Defendants cross-moved for dismissal of the complaint. Special Term granted the motion to restore and denied the cross motion for dismissal, and from the order entered on that decision, defendants appeal. In answer to defendants' argument for reversal because of plaintiff's failure to prosecute, plaintiff refers to a settlement conference in 1972, to miscellaneous legal and medical articles and court decisions collected by his counsel and to telephone calls to prospective witnesses and to attorneys who tried similar cases in the years 1973 through 1975; and also to the amendment of the Federal Freedom of Information Act; but he made no contact with defendants' counsel. The history of this action reveals a flagrant lack of attention to its prosecution. Our reversal on October 28, 1971 of Special Term's order denying defendants' motion for a protective order was stern notice to plaintiff that there had been too much delay in its prosecution. It is incredible that after four more years of inaction plaintiff should seek to proceed with the case (see *Cislo v Di Pasquale,* 51 AD2d 874; *Kennedy v*

*Weil-McLain Co. of N. Y.,* 47 AD2d 804; *Atkins v Rigby,* 41 AD2d 889; *McIntire Assoc. v Glens Falls Ins. Co.,* 41 AD2d 692; *Kohn v Sabra Trucking & Warehouse,* 41 AD2d 521; and *Trudel v Laube's Amherst,* 40 AD2d 625). (Appeal from order of Erie Supreme Court—restore case to calendar.) Present—Moule, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.