■ DANIEL HICKEY et al., Appellants, v EDWARD G. SHUMACHER, Respondent.—Appeal from an order of the Schenectady County Court at Special Term, entered February 13, 1975, which denied plaintiffs' motion for an order restoring the above-entitled action to the Court Calendar and dismissed plaintiffs' complaint as abandoned. On or about July 1, 1970 plaintiffs served upon defendant a summons in connection with an action arising out of a motor vehicle accident on January 11, 1969. Plaintiffs' complaint was served on or about July 22, 1970, a bill of particulars in response to defendant's demand was served on or about September 3, 1970, and a note of issue and statement of readiness was filed on October 23, 1970. On February 28, 1972 the parties agreed to transfer the case from Supreme Court to County Court. Due to plaintiffs' failure to answer calendar call, the case was placed on the Deferred Calendar on October 2, 1972 and stricken from the calendar on December 18, 1973 as abandoned for failure to remove it from the Deferred Calendar within one year (CPLR 3404). The present motion was brought on by notice of motion served on December 17, 1974 and was denied by the order appealed from. In order to have been entitled to the relief sought, plaintiffs were required to show that their action is meritorious, excusable neglect for their default, and lack of prejudice to the defendant *(Quick-Way Excavators v Overmyer Co.,* 44 AD2d 740). The trial court found that plaintiffs' moving affidavit was conclusory and failed to set forth evidentiary facts sufficient to meet their burden. The court further found that plaintiffs had failed to show an excuse for the initial default which led to the striking of the case from the calendar and for the delay of one year in moving to cure that default. In their brief plaintiffs allege that plaintiff Anita Hickey suffered a relapse of injuries in July of 1973, but this in no way explains the delays which led to the initial placing of the case on the Deferred Calendar, nor does it appear that these allegations were brought to the attention of the court when the case was stricken in December of 1973. Plaintiffs have still shown no excuse for their failure to move to vacate the default within one year (CPLR 5015), nor have they set forth facts showing their cause of action to be meritorious. We also note the passing of approximately 18 months in the bringing of this appeal. We therefore find no error in the determination of the County Court finding that plaintiffs' action had been abandoned. Order affirmed, without costs. Greenblott, J. P., Kane, Main, Herlihy and Reynolds, JJ., concur.