ROBERT L. ALLEN, JR., Appellant, v BETTY J. BERTON et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: Plaintiff appeals from Special Term's denial of his motion for a default judgment, or in the alternative, for an order directing the defendants to accept his complaint. Special Term treated the motion as an application to vacate a prior order which dismissed plaintiff's action for failure to serve a complaint. The accident which is the basis for the cause of action occurred on November 7, 1971. On November 7, 1974 plaintiff delivered the summons to

a Deputy Sheriff who was then on road patrol and it was served upon the defendants by the Sheriff within 60 days thereafter. After some communications between the attorneys, defendants' notice of appearance was sent to plaintiff's attorney (not the present attorneys representing the plaintiff) on January 8, 1975 and it was retained by the attorney. Defendants' attorneys made several requests upon plaintiff's attorney for a copy of the complaint, and finally on March 18, 1975 advised him that unless it was received within 10 days, a motion to dismiss would be made. The motion was made and Special Term dismissed the action on May 14, 1975, noting that there was "no appearance in opposition". Plaintiff's attorney was served with a copy of the order on May 19, 1975 and no appeal was taken. Nothing further was done until when plaintiff's new attorneys mailed a complaint to defendants' attorneys explaining that the order of dismissal "was apparently filed without [plaintiff's former attorney's] knowledge, and the matter was not entered upon his diary for action". Defendants' attorneys refused to accept the complaint. Plaintiff moved on October 19, 1975 to compel acceptance of the complaint, and Special Term properly treated plaintiff's motion as an application for relief under CPLR 5015 (subd [a], par 1). To obtain such relief it was incumbent upon plaintiff to demonstrate that the default was excusable and to present an affidavit made by a person having knowledge of the facts which showed that the claim is meritorious *(Doroski v Mintler,* 49 AD2d 990; *Bridger v Donaldson,* 34 AD2d 628, 629; *Inserra v Porto,* 33 AD2d 1092). Plaintiff's attorney's only excuse for the delay of nearly five months after service upon him of the order of dismissal was that through law office failure he did not learn of receipt of the order. The record is replete with inordinate delay by plaintiff's attorney and all of it was due solely to inexcusable neglect. "Inadvertent fault of counsel and causes associated with 'law office failures' do not provide a reasonable basis for excusing the delay in prosecution presented by the record" *(Pearce v Watson Co.,* 37 AD2d 686; see, also, *Ciccarelli v Welcome,* 50 AD2d 1046; *Sosis v 120 Liberty St. Foundation Co.,* 45 AD2d 828; *Fisher v Tier Oil Co.,* 40 AD2d 930). Special Term's discretion was properly exercised in dismissing the action solely on the issue of delay. It is, therefore, unnecessary to reach any other question. (Appeal from order of Wayne Supreme Court—vacate dismissal.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.