■ AHMED OMAR, Respondent, v DAVID FRUIT & COMPANY, INC., Appellant, et al., Defendant.—Order unanimously reversed, without costs, and motion denied. Memorandum: Plaintiff-respondent was allegedly injured on

October 25, 1968 and commenced this action on September 19, 1970. Defendant-appellant served its answer on March 5, 1971 and a bill of particulars was served on July 28, 1971. Note of issue and statement of readiness were filed on January 12, 1972. Defendant then served a notice for physical examination dated January 28, 1972 and was informed by plaintiff that he resided outside of the State. A second notice to submit to examination was served some 18 months after the first notice. Plaintiff's attorney states in his affidavit that on the return date of the notice to examine, the attorneys agreed that the physical examination would take place on March 6, 1974; that this would result in the case going to the general docket and that defendant's then attorney (no longer associated with defendant's attorneys) agreed to restore the case after the physical examination. The affidavit of defendant's attorney recites that "I have no recollection of making such an agreement." The case then went to the general docket and was dismissed on September 27, 1974 pursuant to CPLR 3404 for "neglect to prosecute". Nothing further was done by either of the parties until 32 months after the case was placed on the general docket. By notice of motion dated May 27, 1976 plaintiff moved to restore the case to the Trial Calendar. It is from Special Term's order of restoration that defendant has taken the instant appeal. It is now nearly nine years since the alleged accident. The plaintiff had the burden of moving forward with the prosecution of his lawsuit. The record amply demonstrates that plaintiff failed to show any disposition to try the action. The obligation to restore the case to the Trial Calendar after the physical examination properly fell to the plaintiff and not to the defendant. Dismissal of an action under CPLR 3404 creates a presumption of abandonment or neglect. This presumption may be rebutted by a showing of some activity on plaintiff's part to demonstrate that the litigation is actually in progress *(Marco v Sachs,* 10 NY2d 542, 550, mot for rearg den 11 NY2d 766). We find no showing of nonabandonment or a reasonable excuse for the delay of 32 months. Special Term's restoration of the case to the Trial Calendar was an improvident exercise of discretion. (See *Peterson v Motor Sales Co. of Kingsport,* 35 AD2d 847; *Gamerov v Cunard S.S. Co.,* 34 AD2d 824; *Delmonte v Wozniak,* 29 AD2d 735; 4 Weinstein-Korn-Miller, NY Civ Prac, pars 3404.01, 3404.03, 3404.05.) (Appeal from order of Erie Supreme Court—restore to calendar.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.