■ HARVEY M. LIFSET, Respondent, v MILTON EHRLICH et al., Appellants, et al., Defendants.—Appeal from an order of the Supreme Court at Trial Term, entered January 10, 1977 in Albany County, which denied defendants' motion to have this action restored to the Day Calendar. Plaintiff commenced an action to recover legal fees for services rendered on behalf of the defendants. Defendants counterclaimed against plaintiff alleging malpractice. A trial was set down for October 21, 1974 as a day certain. On October 17, 1974 plaintiff obtained an order to show cause which contained a stay of the trial until a motion was heard and determined. In the order granting plaintiff's motion it was stated in the recital paragraph that plaintiff had moved for an order granting him leave to serve a reply and third-party complaint and further requesting that the trial of the action be stayed until pleadings had been exchanged and examinations held with all necessary and proper parties. In the decretal paragraph of the order it was ordered that the motion be granted upon the condition of the payment by plaintiff to defendants of the sum of $300. This order was entered on January 27, 1975. On November 4, 1974, this action was placed on the Deferred Calendar. On November 4, 1975, the action was struck from the calendar pursuant to CPLR 3404 and rule 861.16 of this court (22 NYCRR 861.16). Defendants' motion to have the case restored to the Day Calendar was denied in September, 1976. Defendants then moved for resettlement of the order of January 27, 1975 so as to include a stay of the trial in the decretal paragraph. This motion was granted. Thereafter, defendants again moved for an order restoring the action to the Supreme Court Calendar. It is from the order denying this motion that defendants appeal. In order to succeed on their motion defendants were required to show that their counterclaim is meritorious, as well as excusable neglect for their default and lack of prejudice to the plaintiff (Hickey v Shumacher, 54 AD2d 790). Defendants argue that the stay of the trial barred their efforts to continue the case and, therefore, they have a reasonable excuse for the delay. While the stay may well serve as a valid excuse for the delay, the defendants, nevertheless, are not entitled to the relief they seek. No affidavit of merit was submitted by the defendants other than the affidavit of their attorney. The affidavit must be made by a party or another person with knowledge of the facts (Frenia v Patno, 25 AD2d 591). The affidavit of defendants' attorney is hearsay and, thus, insufficient (Houle v Wilde, 22 AD2d 727). Upon consideration of the entire record, however, we are of the view that justice requires that defendants be afforded a further opportunity to demonstrate merit (see Williams v Giattini, 49 AD2d 337). Order affirmed, without costs, and without prejudice to defendants' further application, if so advised, to restore the action to the Trial Calendar. Greenblott, J. P., Sweeney, Staley, Jr., Main and Mikoll, JJ., concur.