■ DOROTHY LEWIS, Respondent, v MEL WHEATON, Doing Business as DOUBLE DIAMOND RANCH, Appellant. DOROTHY LEWIS, Respondent, v DEE WHEATON, Doing Business as DOUBLE DIAMOND RANCH, Appellant.—Order

unanimously reversed, without costs, and motion denied. Memorandum: Plaintiff's actions were dismissed on May 6, 1975 pursuant to CPLR 3404. It is well settled that where a case has been deemed abandoned and dismissed under CPLR 3404 "a motion to open the default and restore the case to the calendar will require the same kind of proof of merit, lack of prejudice to the opposing party and excusable neglect as must be shown to open a default judgment" *(McIntire Assoc. v Glens Falls Ins. Co.,* 41 AD2d 692, 693; *Sesan v American Home Prods. Corp.,* 52 AD2d 1058). Special Term erred in granting plaintiff's motion to vacate the default and restore the actions to the calendar in the absence of "an affidavit of merits by a person having knowledge of the facts indicating a viable cause of action" *(McIntire Assoc. v Glens Falls Ins. Co., supra,* p 692). The only affidavits submitted in support of the motion were those of plaintiff's attorney. His assertions of merit are conclusory and are based upon hearsay. (Appeal from order of Monroe Supreme Court—restore to calendar.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.