■ WILLIAM L. GOETZMANN, Respondent, v CONTINENTAL CASUALTY COMPANY et al., Appellants, et al., Defendant.—Order reversed, without costs, and motion denied. Memorandum: Plaintiff commenced this action in 1974 to recover on three disability policies. He alleged that he was entitled to benefits in the amount of $27,200 under a policy issued by defendant

Prudential Insurance Company of America (Prudential), to $44,200 under a policy issued by defendant Metropolitan Life Insurance Company (Metropolitan), and to $24,714.29 under a policy issued by defendant Continental Casualty Company (Continental) as a result of an accident he suffered on July 2, 1968. A note of issue was filed on June 24, 1974 and, as no statement of readiness had been filed when the action reached the top of the Trial Calendar, it was placed on the general docket on May 19, 1976. Metropolitan settled with plaintiff in 1975. Under CPLR 3404 the action was deemed abandoned on May 20, 1977 and on April 27, 1978 the County Clerk of Erie County certified that the action had been dismissed for plaintiff's failure to prosecute. In May, 1978 plaintiff moved to restore the action to the calendar and Special Term granted the motion. Our rule provides that no case placed on the general docket shall be restored to the calendar except on a motion made within one year of its placement on the general docket and that the motion must be supported by affidavit satisfactorily explaining the previous disposition of the case, stating meritorious reasons for its restoration to the calendar and showing that it is presently ready for trial (22 NYCRR 1024.13 [a]). We have repeatedly stated that, where a case has been deemed abandoned and dismissed under CPLR 3404, "a motion to open the default and restore the case to the calendar will require the same kind of proof of merit, lack of prejudice to the opposing party and excusable neglect as must be shown to open a default judgment" (*Lewis v Wheaton,* 63 AD2d 815, 816; see *Kochon v County of Oneida,* 64 AD2d 1028; *Sesan v American Home Prods. Corp.,* 52 AD2d 1058; *McIntire Assoc. v Glens Falls Ins. Co.,* 41 AD2d 692). Plaintiff's excuses for his neglect in this matter are that the calendar answering service which he employed did not inform him that the case had been placed on the general docket and that there were ongoing settlement negotiations. The first excuse falls within the· category of "law office failures" (*Filippi v Grand Union Co.,* 30 AD2d 532), and we have repeatedly held that "law office failures" do not provide a reasonable basis for excusing delay in the prosecution of cases (*Kennedy v Weil-McLain Co. of N. Y.,* 47 AD2d 804, app dsmd 36 NY2d 843; *Williams v Mallinckrodt Chem. Works,* 42 AD2d 1044, app dsmd 34 NY2d 567; *McIntire Assoc. v Glen Falls Ins. Co., supra; Trudel v Laube's Amherst,* 40 AD2d 625; *Pearce v Watson Co.,* 37 AD2d 686; *Sortino v Fisher,* 20 AD2d 25, 30). Concerning the second excuse, we have stated that an offer of settlement remains a valid excuse only for a brief interval after the last communication is made (*Andreano v Testa,* 64 AD2d 1019, 1020; *Cislo v Di Pasquale,* 51 AD2d 874). Plaintiff's evidence of settlement negotiations is an outstanding settlement offer in the amount of $3,000, made by Continental in October, 1975, and Prudential's settlement with plaintiff during the pendency of this appeal. These facts do not show that plaintiff was actively engaged in settlement negotiations with Continental (cf. *Tactuk v Freiberg,* 24 AD2d 503). Under our rule and cases plaintiff has not shown a sufficient excuse for his failure to prosecute this action; therefore, his motion to restore the action to the calendar should have been denied. All concur, except Callahan, J., who dissents and votes to affirm the order on the opinion at Special Term, Johnson, J. (Appeals from order of Erie Supreme Court—restore to calendar.) Present—Dillon, P. J., Cardamone, Callahan, Doerr and Moule, JJ.