■ GENERAL STAPLE CO., INC., Respondent, v AMTRONICS, INC., et al., Appellants, et al., Defendant. — In an action for injunctive relief, an accounting, money damages, and other relief based upon, *inter alia,* alleged unfair competition and breach of agreements not to reveal trade secrets, which was dismissed pursuant to CPLR 3404, defendants appeal (1) from an order of the Supreme Court, Kings County, dated December 26, 1979, which granted plaintiff's motion to vacate the dismissal of the action and restore the action to the calendar, on condition that plaintiff's attorneys pay $150 to each of the other parties and (2) as limited by their brief, from so much of a further order of the same court, dated· March 20, 1980, as, upon reargument, adhered to the original determination. Appeal from order dated December 26, 1979 dismissed, without costs or disbursements. Said order was superseded by the order dated March 20, 1980. Order dated March 20, 1980 affirmed insofar as appealed from, without costs or disbursements. Special Term did not abuse its discretion in conditionally granting plaintiff's motion to vacate the dismissal of the action pursuant to CPLR 3404 and restore the action to the calendar (see *Matter of Levine [MVAIC],* 32 AD2d 778). While our dissenting colleagues place much weight upon the period of time that has elapsed between the commencement of this action and the present date, that is not the determinative period to be considered on a motion such as this one (see, e.g., *Marco v Sachs,* 10 NY2d 542). Rather, the more crucial period is the period of time between the dismissal of the action pursuant to CPLR

3404 and the making of plaintiff's motion to restore. Here, that period was less than two months. In contrast, in the cases cited by the dissent, those periods, to the extent discernible, were 31 months *(Monahan v Fiore,* 71 AD2d 914), 20 months *(Omar v David Fruit & Co.,* 59 AD2d 647), 12 months *(Hickey v Shumacher,* 54 AD2d 790) and 8 months *(Dunne v McGuirk,* 62 AD2d 1080). Further, there is evidence in the record that this case came to be marked off the calendar not out of neglect by plaintiff, but out of plaintiff's willingness to permit the additional defendant on the defendants' counterclaim; which had moved to strike the action in order to permit it to complete discovery, to have an opportunity to do so. It also should be noted that the defendants supported that motion to strike, stating that "This action is not ready for trial" since discovery had not been completed. The defendants also stated that they would seek additional discovery after the additional defendant had completed its discovery. Moreover, some eight months after the case was marked off the calendar, the additional defendant inspected documents in plaintiff's possession, apparently pursuant to its notice for discovery and inspection. Upon the basis of all of these circumstances, Special Term did not err in concluding that the action had not been abandoned. While the affidavit of plaintiff's president submitted in support of the motion to restore the action to the calendar merely refers to the complaint, we conclude that the affidavit and complaint, read together, constitute a sufficient affidavit of merits in light of the nature of the complaint (see CPLR 2001). The complaint, which is 17 pages in length, is composed primarily of detailed factual allegations, many of which are apparently based upon the personal knowledge of plaintiff's president. He was apparently in a position to be aware of the alleged activities of defendants Magnifico and Garfinkel and their impact upon plaintiff's business, not only because of the office he held, but also because Magnifico, Garfinkel and he allegedly constituted the entire executive staff for the manufacture and sale of the type of equipment and supplies involved in this action. In addition, annexed to the complaint are written agreements bearing the purported signatures of Garfinkel and Magnifico, which appear to prohibit the conduct in which these defendants are alleged to have engaged. Thus, plaintiff has made a sufficient showing of merit (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3404.06). Hopkins, J.P., Gibbons and Margett, JJ., concur.

Weinstein, J., concurs insofar as the appeal from the order dated December 26, 1979 is dismissed, but otherwise dissents and votes to reverse the order dated March 20, 1980 insofar as appealed from and deny the plaintiff's motion, with the following memorandum, in which Mangano, J., concurs: These causes of action involving, *inter alia,* alleged unfair competition and a breach of agreement not to reveal trade secrets, have been languishing in the courts for over nine years. They, along with other causes of action, were first brought in the United States District Court for the Southern District of New York in early 1972. The causes of action *sub judice* were severed from the Federal action on Federal jurisdictional grounds, and were reinstituted as the instant action in March, 1975. Plaintiff thereafter did nothing about the prosecution of this action for over three years, until the corporate defendant finally served a 45-day demand to file a note of issue (CPLR 3216) in June, 1978. This demand was met, but four months later, a motion to strike the note of issue was unopposed by plaintiff. Consequently, the case was marked off the calendar. During the following year plaintiff took no steps in furtherance of the prosecution of this action other than allowing an attorney for the additional defendant on the defendants' counterclaim to inspect certain documents at its office. Finally, in October, 1979,

the action was deemed abandoned, and was dismissed pursuant to CPLR 3404. The order affirmed by the majority adheres to Special Term's prior determination granting plaintiff's motion to vacate the dismissal and restore the action to the calendar. I cannot concur with the majority. The consistent course of neglect and procrastination pursued by plaintiff over a period of time now approaching a decade can no longer be justified. The defendants are entitled to be free of the spectre of stagnant, neglected claims casting a shadow over their business and personal affairs. In a case involving similar facts, the Fourth Department stated "The plaintiff had the burden of moving forward with the prosecution of his lawsuit. The record amply demonstrates that plaintiff failed to show any disposition to try the action" (Omar v David Fruit & Co., 59 AD2d 647, 648). These words apply equally well to the case at bar. The cases of Monahan v Fiore (71 AD2d 914), Dunne v McGuirk (62 AD2d 1080), Hickey v Shumacher (54 AD2d 790), and Emrick v Paramount Rest. (6 AD2d 686), all of which involved shorter delays than in the case before the court, nonetheless, barred restoration of the action to the calendar and should compel a similar holding herein, especially in the absence of any meritorious excuse for the delay. I would also note plaintiff's failure to submit a sufficient affidavit of merit (see Sortino v Fisher, 20 AD2d 25). The affidavit, which merely recites the causes of action enumerated in the complaint, does not satisfy the requirement of a showing of merit in evidentiary form in the same general manner in which plaintiff expects to prove its case (see Stubblebine v Fratto, 37 AD2d 666; Lewis v Wheaton, 63 AD2d 815). For the aforesaid reasons, I vote to reverse the order dated March 20, 1980 insofar as appealed from and deny the plaintiff's motion.