■ DANIEL R. O'BRIEN et al., Respondents, v SAM W. GROOME et al., Appellants. — In an action to recover damages for breach of contract and upon a note, the defendants appeal from an order of the Supreme Court, Orange County (O'Gorman, J.), dated March 27, 1981, which, upon the plaintiffs' motion, *inter alia,* to restore the case to the Trial Calendar, in effect, vacated a dismissal of the action under CPLR 3404 for neglect to prosecute and granted the relief requested by plaintiffs, upon condition that plaintiffs file a new note of issue and certificate of readiness. Order reversed, on the law, with $50 costs and disbursements, and plaintiffs' motion is denied. This action was commenced on or about April 9, 1977 by the service of a summons. On January 31, 1978 plaintiffs' attorney filed a note of issue and statement of readiness. On April 12, 1978 the matter was listed on the Nonjury Contract Calendar of the Supreme Court, Orange County, and, when the parties failed to appear, was marked "off" by the Justice presiding. Plaintiffs' attorney at the time was apparently under the impression that it would be at least a year after the filing of the note of issue before the case would appear on the Ready Trial Calendar. In any event, he averred, without contradiction, that he never received a Ready Day Calendar in the mail showing that the case would be called on April 12, 1978. In March, 1979, due to a busy practice, plaintiffs' counsel told his clients that he would no longer be able to represent them and suggested that another firm be substituted as counsel of record. That other firm of attorneys was duly engaged by plaintiffs and when they wrote to the Clerk of the Supreme Court to note their substitution and appearance for plaintiffs, the clerk wrote to them stating that the case had been marked off the calendar on April 12, 1978. Apart from calling to the attention of plaintiffs' former attorney the fact that the case had been marked off the calendar, the new attorneys apparently took no action in the matter until on or about January 17, 1980, when they served a notice to take the examinations before trial of the defendants. The examinations were adjourned at the request of defendants' counsel on numerous occasions until July, 1980 at which time he wrote to plaintiffs' new attorneys suggesting that there might be "a problem" caused by CPLR 3404. It was not until on or about January 27, 1981 that plaintiffs moved to restore the case to the Trial Calendar. The court granted that motion. We reverse. CPLR 3404 states: "A case in the supreme court or a county court marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order." Plaintiffs' new

attorneys were informed in March, 1979, before the expiration of the one-year period specified in the rule, that the matter had been marked off the calendar on April 12, 1978. Thus, although they had notice, they failed to make a timely motion to restore the matter to the calendar. They seek to excuse their delay in moving for that relief until January, 1981, by the fact that in January, 1980 they served a notice to take the examination before trial of the defendants, which was adjourned at the latter's request until July, 1980. They have failed, however, to provide any cognizable excuse for their inaction during the periods from March, 1979 until January, 1980 and from July, 1980 until January, 1981, a total of more than 15 months. Thus, even if the prior counsel's default in appearing upon the call of the calendar was excusable, the new attorneys' extended delay in moving to vacate that default was not. This is but another case of law office failure requiring that the motion to vacate the default and to restore the matter to the calendar be denied (cf. *Barasch v Micucci,* 49 NY2d 594). Damiani, J. P., Lazer, Gibbons and Gulotta, JJ., concur.