■ GLEN BERNA et al., Respondents, v MONROE COMMUNITY COLLEGE, Appellant. — Order unanimously reversed, without costs, motion granted, and complaint dismissed. Memorandum: Sixteen months after issue was joined, defendant, pursuant to CPLR 3216, served a written demand upon plaintiffs that they file and serve a note of issue within 90 days. Five months thereafter, defendant moved to dismiss the complaint for failure to comply with the demand. Special Term denied the motion and defendant appeals. We reverse. Plaintiffs' failure to provide a justifiable excuse for their neglect to proceed and their failure to demonstrate that they have a meritorious cause of action required a dismissal of the complaint (*Nelson v Eastman Dental Center,* 85 AD2d 887; *Brothers v Wall,* 84 AD2d 923; *Abrams, Kochman, Rathskeller v Esquire Motels,* 79 AD2d 879; *Huether v Blad,* 35 AD2d 774). The only excuse offered by plaintiffs' attorney for his failure to serve and file the note of issue was that he was attempting to enter into settlement negotiations. After he received the demand he wrote the defendant's attorney asking if the insurance carrier was willing to make an offer of settlement and stating that he would delay filing the note of issue until he heard from defendant's attorney. Although defendant's attorney did not reply to this inquiry, there is nothing in the record to show that he agreed to extend the deadline for filing the note of issue. The absence of a reply did not justify the delay of plaintiffs' attorney in complying with the demand. While active settlement negotiations may provide a reasonable excuse for delay (*Sortino v Fisher,* 20 AD2d 25, 29), here, no settlement negotiations were ever pending. Moreover, even if we consider the inquiry of plaintiffs' attorney as settlement negotiations, it still did not provide a sufficient excuse for the undue delay in filing the note of issue. "Settlement negotiations do not provide a reasonable excuse for delay in prosecution beyond a brief interval after the last communication." (*Pearce v Watson Co.,* 37 AD2d 686; see, also, *Goetzmann v Continental Cas. Co.,* 70 AD2d 1046, app dsmd 48 NY2d 654; *Andreano v Testa,* 64 AD2d 1019, 1020; *Cislo v Di Pasquale,* 51 AD2d 874.) Here almost three months elapsed between the last inquiry by plaintiffs' attorney concerning the possibility of settlement and defendant's motion to dismiss the complaint. In an attempt to show that their cause of action was meritorious, plaintiffs referred to excerpts from an examination before trial which indicate only that plaintiff slipped and fell on a patch

of ice on defendant's sidewalk. Without further evidence of negligence on the part of the defendant, this fails to establish a meritorious cause of action. (Appeal from order of Supreme Court, Monroe County, White, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.