■ WILLIE M. BUSBY, as Administratrix of the Estate of ELIJAH BUSBY, JR., Deceased, Respondent, v 150TH STREET GARAGE CORP., Respondent, and CALVIN HAWKINS, JR., Appellant. — Order, Supreme Court, New York County (H. Schwartz, J.), entered June 19, 1981 and February 18, 1982, respectively,

denying defendant Hawkins' motion to dismiss the complaint for failure to prosecute, are reversed, on the law and the facts, without costs, and the motion to dismiss the complaint as against defendant Hawkins for failure to prosecute, is granted. In this wrongful death action, the death occurred in April, 1978, the summons was served on defendant Hawkins on July 13, 1979, and his answer was served on October 2, 1979. On January 30, 1981, defendant Hawkins served by mail a notice pursuant to CPLR 3216 (subd [b], par [3]) demanding that plaintiff serve and file a notice of trial placing the action on the Trial Calendar, and notifying plaintiff that in the event of failure to comply with that demand within 90 days, a motion would be made to dismiss the action on the ground that plaintiff had unreasonably neglected to proceed. Plaintiff did not place the case on the calendar within the 90 days (nor so far as appears has she yet), and by notice of motion dated May 14, 1981, defendant Hawkins moved to dismiss the complaint. The excuse offered by plaintiff in opposition to the motion was that the codefendant's answer was not served until March 30, 1981. The codefendant was named in the original summons, and there is no explanation of why the answer was so long delayed, or what steps, if any, plaintiff took to compel a prompt answer. But more important, there is no affidavit of merit whatsoever to substantiate the claim against defendant Hawkins. Granted that this is a wrongful death action and the decedent cannot give an affidavit, but plaintiff must have had some reason to believe that there was some basis for an action against defendant Hawkins, and that, at least, should have been submitted by way of an affidavit of merits. "Absence of a proper affidavit of merit is a death blow to plaintiff's case." (*Pell v Button,* 44 AD2d 549.) Defendant Hawkins' motion to dismiss was denied by an order of June 19, 1981. Oblivious of this fact, defendant Hawkins made the same motion over again by notice of motion dated July 21, 1981 alleging that the first motion had not been decided. This error was pointed out in plaintiff's opposing papers; and by order dated February 2, 1982 and entered February 8, 1982, the second motion was denied. Separate notices of appeal were served from the two orders and the papers on both appeals were included in one record on appeal. Insofar as relates to the appeal from the first order of June 19, 1981, the appeal was not perfected within the one-year period specified in section 600.11 (a) (3) of our rules (22 NYCRR) as it then read (since changed to nine months). But that section merely provides that "[t]he clerk will place no civil appeal or cause on the calendar" where the papers are not offered for filing within the requisite time. It does not provide that the appeal is thereby automatically deemed abandoned or dismissed without further order of the court. The clerk did accept the papers. No one has raised the issue as to lateness of the appeal; and at this stage, we think it would be unfair for the court *sua sponte* to dismiss the appeal from the first order. Concur — Sullivan, J. P., Silverman and Bloom, JJ.

Fein and Alexander, JJ., dissent in a memorandum by Alexander, J., as follows: I would affirm the orders appealed from since by serving an amended answer to the amended complaint even after having moved to dismiss pursuant to CPLR 3216, the defendant acquiesced in the resumption of the litigation and waived plaintiff's failure to comply with the 90-day demand. The amended complaint was served in April, 1981, before either of the defendant Hawkins' motions under CPLR 3216 was made. Although the first motion was decided on June 15, 1981, and filed on June 19, 1981, defendant failed to apprise himself of that fact and made an improper second motion to dismiss on July 21, 1981. He served an answer to the amended complaint on July 27, 1981, notwithstanding the second motion to dismiss. Thus it may properly be said that he has acquiesced in the resumption of the litigation.