OPINION OF THE COURT
William H. Keniry, J.
The petitioners Peter and Donna Caruso (owners) seek the summary discharge of three notices of mechanics’ liens under Lien Law § 19 (6) upon the grounds that all three notices are defective in that they fail to sufficiently describe the real *514 property involved (Lien Law §9 [7]) and that two of the lienors are not authorized parties to file a lien since the labor and materials involved were not contracted for by the owners’ contractor (Lien Law § 3).
The facts are simple. The owners entered into a written contract with Donna Boomhower doing business as Boomhower Construction for the construction of a residence on the owners’ land located on Scotchbush Road, Town of Ballston, Saratoga County. Thereafter, in December 1985, Grandview Block and Supply Co., Inc. (Grandview) filed a notice of mechanic’s lien in the sum of $2,194.32 for masonry supplies and James C. Russell (Russell) filed a similar notice of mechanic’s lien in the sum of $2,000 for masonry labor. Donna Boomhower (Boomhower) filed a notice of lien on January 31, 1986 in the sum of $7,000 for the unpaid balance due for labor and materials furnished pursuant to the written contract. Both Grandview and Russell state that "George Boomhower” contracted with them for the work and materials on this job. The property subject to their liens was identically described as "Scotch Bush Road, Town of Ballston”. The Boomhower lien describes the property encumbered merely as "Town of Ballston, County of Saratoga.”
The owners contend that all three liens must be summarily discharged and have commenced three separate proceedings upon almost identical papers against each lienholder by order to show cause. Thus, it is appropriate for the court to join the three applications for decision. Grandview, Russell and Boomhower all oppose the summary discharge. The lienors contend that the property description contained in their respective notices is adequate to satisfy the statutory requirements. Further, Grandview and Russell assert that "George Boomhower”, upon information and belief, was the husband and partner of Donna Boomhower and was duly authorized to contract with them on behalf of the owners.
Lien Law § 3 reads, in pertinent part, as follows: "A contractor, subcontractor, laborer, materialman * * * who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent, contractor or subcontractor * * * shall have a lien”.
Lien Law § 9 reads, in pertinent part, as follows:
"The notice of lien shall state * * *
"7.The property subject to the lien, with a description *515 thereof sufficient for identification; and if in a city or village, its location by street and number, if known.”
The record fails to document any connection whatsoever between the general contractor (Donna Boomhower doing business as Boomhower Construction) and Grandview and Russell which can be imputed to the owners. Both lienors admit that their services and materials were contracted for with George Boomhower but neither the notices of lien nor their opposing papers document any connection between the general contractor and Mr. Boomhower. There is no proof that Mr. Boomhower was an agent of the contractor or a subcontractor to allow him to bind the owners. The unsupported conclusory statement in the lienors’ attorney’s affidavit, based upon information and belief and not personal knowledge, that Mr. Boomhower was the spouse and business partner of the contractor is inadequate under these circumstances to establish any agency (Lifset v Ehrlich, 61 AD2d 1063). The case of Hartman v Travis (81 AD2d 692), cited by the lienors, is distinguishable since the subcontractors involved in that situation were directly hired by the general contractor. Here, the underlying contract makes no reference to anyone other than Donna Boomhower as a sole proprietor and the lienors have not set forth any facts to establish an agency relationship delegating authority to George Boomhower to act on behalf of the general contractor. Thus, the lienors have failed to establish that their labor and materials were properly contracted for by an agent of the owners. Both Grandview and Russell are thus not statutorily entitled to a lien under the facts now before this court.
The court also concludes that the property descriptions set forth in all three notices of lien are legally insufficient. Although the purpose of the notice requirement is to allow identification by an unfamiliar person of the property encumbered by a mechanic’s lien (3 Warren’s Weed, NY Real Property, Mechanics’ Liens, § 8.06 [9] [4th ed]), the court could find no precedent which allows a mechanic’s lien to be sustained upon a property description which merely recites that the property is located upon a certain road in a certain town or a certain town in a certain county. In Contelmo’s Sand & Gravel v J & J Milano (96 AD2d 1090), the court concluded that a description which read "on West side of Wheeler Hill Road, Town of Wappinger, Dutchess County, New York” was both inaccurate and insufficient thus rendering the lien invalid. The descriptions in these three liens are even less informative, *516 detailed or descriptive. On the face of all three of these notices of liens, there is no reference made to any geographic coordinates, property size, deeds or filed map. The stated descriptions, in the court’s opinion, fall short of the minimum statutory requirement. To allow thé descriptions to stand would effectively abrogate the statutory requirement of a property description.
Accordingly, the court grants the applications of the owners for orders discharging the notices of mechanic’s lien filed in the office of the Saratoga County Clerk by Grandview Block and Supply Co., Inc. in the sum of $2,194.32; James C. Russell in the sum of $2,000 and Donna Boomhower in the sum of $7,000, all without costs.