■ ROSA ALMANZAR et al., Respondents, v RYE RIDGE REALTY Co., INC., Appellant and Third-Party Plaintiff. ACCESSORIES BY PEARL, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [671 NYS2d 481] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about July 3, 1997, granting plaintiffs' motion to restore the action to the court's calendar, unanimously reversed, without costs, on the law, the motion denied, and the action dismissed. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered December 31, 1997, granting renewal and reargument, and upon reconsideration, adhering to its original determination, unanimously dismissed as academic, in light of the foregoing.

The underlying cause of action arose on November 30, 1981. Plaintiffs Rosa Almanzar, Roberto Rodriguez, Digna Prensa and Lucila Lopez, along with 10 to 20 other people, were riding down in an elevator at 33 East 33rd Street when the elevator fell 12 floors, allegedly injuring them. Third-party defendant Accessories By Pearl (Accessories) was plaintiffs' employer. The building was owned by defendant Rye Ridge Realty Co., Inc. (Rye Ridge). Third-party defendant Veemac Elevator Company, Inc. (Veemac) was responsible for repairing and maintaining the elevator in question.

Plaintiffs commenced this negligence action against Rye Ridge in July 1982. Rye Ridge filed a timely answer and subsequently impleaded Veemac and Accessories. Discovery proceeded slowly, with the result that the Note of Issue was not filed until November 1, 1991. After several pre-trial conferences were held, the parties were instructed to appear for jury selection on March 11, 1993. However, when the parties appeared, Rosa Almanzar was not ready to proceed because she was in the midst of a Workers' Compensation claim against another employer. Her presence was necessary because she spoke for the other plaintiffs, who were not fluent in English. The case was therefore marked off the calendar.

On April 22, 1994, Rye Ridge moved ex parte to dismiss the case under CPLR 3404, which provides that a case that has been marked off and not restored within one year shall be dismissed. This motion was granted on May 13, 1994.

Though the Workers' Compensation claim had been decided on April 28, 1994, plaintiffs did not move to restore this case until April 10, 1997. In their moving papers, the excuses they offered for the delay were Almanzar's pending Workers' Compensation claim, certain medical treatment she had undergone in 1995 and 1996 and her search for a new attorney. When defendants' answering papers pointed out that plaintiffs had not demonstrated a meritorious cause of action, plaintiffs presented evidence on this issue for the first time in their reply papers, thus depriving defendants of a chance to respond. Defendants also claimed that they had been prejudiced by the long delay, especially since Accessories could no longer find its file on the case, which it had closed when the case was dismissed in 1994. Plaintiffs argued that many depositions had already been taken and that the relevant information had been memorialized.

On July 3, 1997, the motion court restored the action to the calendar. The court subsequently granted defendants' motion for renewal and reargument but adhered to its prior decision. We find that the motion to restore should have been denied.

Once a case is dismissed pursuant to CPLR 3404 for failure to prosecute, a party seeking to restore it to the trial calendar must show four things: a meritorious cause of action, a reasonable excuse for the delay, a lack of intent to abandon the matter and a lack of prejudice to the non-moving party (*Ware v Porter*, 227 AD2d 214, 215). The dismissal will not be vacated unless all four criteria are satisfied (*supra*).

Plaintiffs failed to satisfy three of the criteria for restoring an action. Defendants were prejudiced by the unreasonable delay, and the presumption of abandonment was not overcome.

Plaintiffs' excuses for the delay are not reasonable. The delay of almost three years was particularly long (*see, Todd Co. v Birnbaum*, 182 AD2d 505, 506), especially when the slow pace of discovery had already prevented the action from going to trial for several years after the incident took place. The Workers' Compensation proceedings were concluded shortly before the action was marked off. Although she had told her former counsel in 1994 that she was going to replace him, Almanzar did not hire new counsel until late 1995. Her medical treatment, which was on an outpatient basis, also took place in November 1995 and March 1996. Thus, it was possible for her to make a motion to restore within a year.

There was no showing that defendants would not be prejudiced by plaintiffs' delay. Since the accident occurred 17 years ago, witnesses who have not been deposed may be unavailable, deceased, or unable to remember the events in question. Especially in light of the time it took to get this matter ready for trial, any further delay increased these risks. In *Hewitt v Booth Mem. Med. Ctr.* (178 AD2d 401, 402), prejudice was found where the motion to restore was made two years after the case was marked off, and 10 years after the alleged malpractice took place. Moreover, Accessories would be particularly prejudiced by restoration of the action, since it put away its file on this case, under the assumption that the matter was closed, and the file was later misplaced.

Finally, plaintiffs have failed to rebut the presumption of abandonment that attaches when a case is dismissed under CPLR 3404. There was no activity in the case between March 1993, when it was marked off, and April 1997, when plaintiffs made this motion to restore (*see, Perez v New York City Hous. Auth.*, 182 AD2d 416, 418). Based on the foregoing facts, the motion court should have dismissed the action. Concur—Sullivan, J. P., Rosenberger, Rubin and Tom, JJ.