■ JAN REYNOLDS, Appellant, v 130 WEST 78TH STREET ASSOCIATES, L.P., et al., Respondents. [707 NYS2d 82] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered April 21, 1999, which, in an action seeking, *inter alia*, an accounting and plaintiff's share of the profits of a limited partnership, denied plaintiff's motion to restore her action to the calendar and granted defendants' cross motion to dismiss the complaint as abandoned pursuant to CPLR 3404, unanimously affirmed, without costs.

Plaintiff's motion to restore her action to the calendar was properly denied since plaintiff failed to rebut the presumption of intentional abandonment under CPLR 3404 arising from her failure to move to restore the case to the calendar for more than one year after it was marked off in April 1997 after a failure to appear at a conference (*see, Almanzar v Rye Ridge Realty Co.*, 249 AD2d 128, 129). Plaintiff took no action whatsoever to move the action toward resolution during the one-year period after the action was marked off the calendar; indeed, the only step she took from June 1996, when correspondence between counsel broke off with the action still at the pleading stage, to February 1999, when she moved to restore the action to the calendar nearly two years after it was marked off, was the fil-

ing of a request for a preliminary conference in October 1998. During this entire period, plaintiff was in default in replying to defendants' counterclaims, had not responded to defendants' discovery requests outstanding since May 1996, and had not served any discovery requests of her own.

We note that plaintiff has failed to set forth a basis which would justify concluding that the delay in moving to restore should be excused. Concur—Williams, J. P., Mazzarelli, Rubin, Buckley and Friedman, JJ.