■ REYNOLD COSTABILE, Appellant, v HILTON HOTEL CORP. et al., Respondents. 1220 EXHIBITORS, INC., Third-Party Plaintiff, v EXPOSITION SERVICE & RENTAL, Third-Party Defendant-Respondent. (And Another Action.) [739 NYS2d 31] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about October 28, 2000, which denied plaintiff's motion to vacate the action's dismissal and for restoration of the matter to the calendar, unanimously affirmed, without costs.

In order for this case to be restored after being struck from the trial calendar, and subsequently dismissed pursuant to CPLR 3404, plaintiff was obliged to demonstrate a meritorious cause of action, a reasonable excuse for the delay in seeking to restore the action, the absence of prejudice to the opposing party, and a lack of intent to abandon the action (*see, Aguilar v Djonvic*, 282 AD2d 366; *see also, Johnson v Minskoff & Sons*, 287 AD2d 233). Plaintiff failed to make the requisite showing. We note, for instance, that plaintiff has not explained the delays for which prior counsel was sanctioned (*see, Kennedy v Weil-McLain Co. of N.Y.*, 47 AD2d 804, *appeal dismissed* 36 NY2d 843), and has offered no explanation of his own delays after the case was dismissed pursuant to CPLR 3404 and 3216 (*see, O'Brien v Groome*, 87 AD2d 624, 625, *appeal dismissed* 63 NY2d 952). Nor did he disprove that the defendants were prejudiced by the delay (*see, e.g., Almanzar v Rye Ridge Realty Co.*, 249 AD2d 128, 130), or that his current counsel "took no action whatsoever to move the action toward resolution during the one-year period after the action was marked off the calendar" (*see, Reynolds v 130 W. 78th St. Assoc.*, 271 AD2d 356, 356).

We have considered plaintiff's other arguments and find them to be without merit. Concur—Tom, J.P., Andrias, Saxe, Wallach and Rubin, JJ.