■ FRANK J. SCHICKLER et al., Appellants, v. PATRICIA SEIFERT et al., Respondents.—Motion for leave to appeal to the Court of Appeals denied. Request for oral argument of motion to reargue denied. Motion for reargument granted and upon reconsideration decision of this court dated May 16, 1974 vacated and the order of Supreme Court, Erie County, entered November 29, 1973 unanimously reversed, with costs, to respondents as provided in the following memorandum: This consolidated action results from a 1969 automobile accident in which an automobile owned by defendant Richard Seifert and operated by Patricia Seifert struck the vehicle in which the plaintiffs were riding. Patricia Seifert pleaded guilty to a violation of subdivision (a) of section 1142 of the Vehicle and Traffic Law, failure to yield the right of way. The cases were sued in 1970 and 1971 respectively and notes of issue were filed promptly. Various pretrial procedures ensued and on September 21, 1971 the case was placed on the general docket when plaintiffs' attorney was unwilling to proceed. It appears that considerable delay was occasioned by efforts of the plaintiffs' attorney to include in the case injuries and expenses which were not contained in the original bills of particulars. After the case was placed upon the general docket two motions to file supplemental bills of particulars were made and denied on January 3, 1972 and in March, 1972. There appears to have been no other activity between the opposing attorneys, except the exchange of hospital reports, until plaintiffs made a motion to restore the case to the calendar dated September 13, 1972 and returnable September 20, 1972. Plaintiffs' counsel then defaulted on his own motion on the return date and the case was marked abandoned on September 22, 1972. The order appealed from denied plaintiffs'

motion to vacate this default. Nevertheless the case has obvious merit and plaintiffs allege substantial injuries and special damages. The cases were sued and placed upon the calendar promptly and the motion to restore was made within the statutory one year period. In the year that the case remained on the general docket most of the activity by plaintiffs was unilateral in an effort to develop their medical file. However there was some communication between the parties and there can be little doubt that what is involved here is a case of neglect, not abandonment. There will be little, if any, prejudice to the defendants if the case is restored to the calendar and since the Statute of Limitations has run, a dismissal will extinguish the plaintiffs' claims. In reversing our prior decision, upon this reargument we determine that the blame for the delay and expense involved in these proceedings should be fixed where it rightfully belongs, upon the attorney for the plaintiffs. He should be penalized for his neglect and carelessness in handling the cases (*Cohen* v. *Tucker*, 44 A D 2d 706; *Moran* v. *Rynar*, 39 A D 2d 718). Accordingly, as a condition for the restoration of the case to the calendar, we order that plaintiffs' attorney personally pay costs in the sum of $1,000 to the defendants' attorneys and that upon payment and receipt of such sum a note of issue may be filed and shall be accepted by the clerk restoring the case to the Trial Calendar. It should hardly be necessary to add that in the event of any recovery the penalty here assessed may not be charged as a disbursement or considered in the fee, and the attorney's closing statement should verify such to be the fact. Present — Witmer, J. P., Moule, Simons and Del Vecchio, JJ.