■ ANTHONY GALANTE, Appellant *v.* SOLON HOLDING CORP., Defendant-Respondent and Third-Party Plaintiff-Respondent. ALFRED DOUGLAS, Third-Party Defendant-Respondent.— Order, Supreme Court, New York County, entered June 5, 1974 unanimously reversed, on the facts and in the exercise of discretion, without costs or disbursements, and plaintiff's motion to vacate the dismissal of the action and to restore the case to the calendar upon the filing of a new note of issue with statement of readiness is granted, on condition that within 20 days after service of the order to be entered hereon, plaintiff's attorney personally pay $250 costs, half to each of the two respondents who appeared separately and filed separate briefs on the appeal. In the event such condition

is not complied with, the order is unanimously affirmed, without costs or disbursements. The action was marked off the calendar on or about September 17, 1972, the plaintiff having failed to timely file a statement of readiness. Subsequently, the action was deemed abandoned and automatically dismissed (CPLR 3404) since the case had not been restored within one year after it was marked off the calendar. Nevertheless, throughout the period of 1971 through 1974, the parties continued to treat the action as being in progress, scheduling and adjourning examinations before trial on at least 21 occasions. On the last scheduled date, i.e., April 29, 1974, defendant's attorney stated that he was advised that the action had been dismissed and accordingly, would not proceed with the examination. Yet, even after that date, a representative of the defendant's insurance carrier went to plaintiff's home to inquire as to his physical condition. While it appears that to some extent the failure to file the statement of readiness was caused by the difficulties in completing the examinations, nevertheless, for the most part, the default and subsequent failure to restore the action was due to what is typically refered to as " law office failure ". Although such excuse, in and of itself is generally unacceptable, it must be considered in light of the entire circumstances. (See *Palmieri* v. *Romat Realty Corp.*, 45 A D 2d 948.) CPLR 3404, pursuant to which the action was dismissed, merely creates a rebuttable presumption that the action had been abandoned. (See *Marco* v. *Sachs*, 10 N Y 2d 542.) As indicated previously, it is quite clear that there was never any intent to abandon the action and indeed, defendant as well as the plaintiff continued to treat it as being in progress long after it was dismissed. Such factor, when considered with the personal affidavit of merits submitted by plaintiff indicating he suffered severe and permanent injuries as well as the lack of prejudice to the defendant, impels the conclusion that justice would best be served by permitting the plaintiff a further opportunity to have the action determined on the merits. However, although we conclude that under these circumstances plaintiff should not be deprived of his day in court because of counsel's neglect, we believe it proper that the relief granted be conditioned upon the attorney's paying $250 costs as aforementioned. (*Newell* v. *Lane*, 45 A D 2d 704; *Calderon* v. *Steele*, 41 A D 2d 736; *Moran* v. *Rynar*, 39 A D 2d 718.) Concur — Markewich, J. P., Nunez, Murphy, Tilzer and Lane, JJ.