■ CAROL J. CHAVOUSTIE, Appellant v VILLAGE OF NEWARK et al., Respondents.—Order affirmed, without costs. Memorandum: This case having been stricken from the general docket pursuant to CPLR 3404, a motion to restore it to the Trial Calendar is not in order. Only by a motion to vacate the default with the showing required on such a motion (see *McIntire Assoc. v Glens Falls Ins. Co.,* 41 AD2d 692) may the court consider the application. We do not reach the merits. All concur except Dillon, J. who dissents and votes to reverse the order and grant the motion in the following memorandum: This 10-year-old case should be restored to the Trial Calendar and concluded. The result directed by the majority will lead inevitably to a new motion by plaintiff which, regardless of its outcome, will probably return here on appeal. Special Term treated plaintiff's application as being made under CPLR 3404 and counsel for defendant contends in both his brief and at argument that plaintiff has not met the criteria established in *McIntire Assoc. v Glens Falls Ins. Co.* (41 AD2d 692) to vacate a CPLR 3404 dismissal. If there is a technical defect in plaintiff's moving papers, they should be translated to seek the appropriate relief. Plaintiff appeals from a denial of her motion to restore this matter to the Trial Calendar and for leave to serve a supplemental bill of particulars. The case was placed on the general docket of the Wayne County Supreme Court on October 29, 1973. Within one year thereafter, on October 23, 1974, plaintiff instituted the subject motion which was returnable on November 4, 1974. Special Term denied the motion on February 4, 1975, "without prejudice to renewal at the February, 1975, term". Plaintiff's renewal motion was timely made upon affidavits of plaintiff and plaintiff's attorney, together with a lengthy affidavit from plaintiff's physician. On February 25, 1975 Special Term denied the "renewal motion of plaintiff * * * under Rule 3404 CPLR". Where an order to restore to the calendar has not been granted and filed within one year of its placement on the general docket, a case is deemed abandoned and dismissed (CPLR 3403; 22 NYCRR 1024.13 [b]). CPLR 3404, however, is not to be rigidly applied in all cases. The presumption of abandonment is rebuttable and does not apply where litigation is "actually in progress" *(Marco v Sachs,* 10 NY2d 542, 550; see *Peterson v Motor Sales Co. of Kingsport,* 35 AD2d 847). Restoration has been permitted where it clearly appears that plaintiff never intended to abandon the action *(Paiement v Hertz Corp., Auto Delivery Div.,* 47 AD2d 889; *Galante v Solon Holding Corp.,* 46 AD2d 636; *Briskman v Kushner,* 33 AD2d 1042). When an action has been dismissed pursuant to CPLR 3404, relief from such dismissal may also include permission to serve a supplemental bill of particulars *(Paiement v Hertz Corp., Auto Delivery Div., supra).* A motion to restore to the calendar "must be supported by affidavit satisfactorily explaining the previous disposition of the case, showing meritorious reasons for its restoration to the calendar and showing that it is presently ready for trial" (22 NYCRR 1024.13 [a]). Additionally, if the action has been dismissed, such a motion requires "the same kind of proof of merit, lack of prejudice to the opposing party and excusable neglect as must be shown to open a default judgment" *(McIntire Assoc. v Glens Falls Ins. Co.,* 41 AD2d 692, 693, *supra).* Here, while plaintiff's motion papers were served before the expiration of one year, they were returnable at Special Term after the case

was deemed abandoned and dismissed. Her moving papers meet and satisfy all of the necessary preconditions to vacate her default. Her action has merit, the defendants will not be unduly prejudiced and her physician's affidavit establishes the causal connection between the accident and the injuries complained of, including the spinal surgery performed on March 15, 1973. Plaintiff's original bill of particulars, served on March 16, 1971, particularized that plaintiff "is reasonably informed that she will be required to undergo a spinal fusion". Her proposed supplemental bill of particulars does not seek to allege any new or different injury. She recites only that the surgery which had been predicted in the original bill was actually performed. The additional damages which she now alleges are those which reasonably and logically flowed from the back surgery about which the defendants were put on notice in the original bill. The default should be vacated and the case should be restored to the calendar with permission to plaintiff to file the proposed supplemental bill of particulars. I would also grant defendant a further physical examination of plaintiff on appropriate conditions. (Appeal from order of Wayne Supreme Court—restore to calendar.) Present—Moule, J. P., Simons, Mahoney, Dillon and Witmer, JJ.