Order reversed, without costs, and motion granted in accordance with the following memorandum: This appeal is before us as the result of an order which denied the motion of plaintiff, Barbara Sesan as executrix of Herman Sesan, deceased, to restore her action to the Trial Calendar. Following an operation in 1967 plaintiff’s husband died and a malpractice action for conscious pain and suffering and wrongful death was thereafter timely instituted in 1968 by her against the hospital, the anesthetist, the surgeon and the laboratories which manufactured the anesthetic drug used during the operation. Extended discovery procedures, motions and an appeal to the Appellate Division, First Department, took place from 1968 until June, 1971. On September 20, 1972 defendant surgeon filed a note of issue placing the case on the Supreme Court Calendar in Monroe County. On February 4, 1974 when the case appeared on the Day Calendar for trial, plaintiff’s *1059 attorney did not appear. As a result the case was stricken from the calendar for plaintiff’s failure to serve and file a statement of readiness and was put on the general docket. On January 6, 1975, within a year, plaintiff moved to restore the case to the calendar. The Calendar Justice, on January 10, 1975, denied the motion to restore for plaintiffs failure to show compliance with 22 NYCRR 1024.13. Two subsequent motions for the same relief were made by plaintiff in February and September, 1975. These motions were denied for failure to comply with 22 NYCRR 1024.13. It is undisputed that plaintiffs first motion to restore returnable on January 6, 1975 was made within one year of the case being placed on the general docket. Such a motion must be supported by an "affidavit satisfactorily explaining the previous disposition of the case” and stating meritorious reasons for the restoration of the case to the calendar, indicating that it is presently ready for trial (22 NYCRR 1024.13). Because the case has been on the general docket for less than a year, such standard is and should be less exacting than that required to restore a case "deemed” abandoned under CPLR 3404. Where the case has been on the docket for more than a year and has been deemed dismissed under CPLR 3404, a motion to restore the case to the calendar under CPLR 3404 "will require the same kind of proof of merit, lack of prejudice to the opposing party and excusable neglect as must be shown to open a default judgment” (McIntire Assoc. v Glens Falls Ins. Co., 41 AD2d 692, 693). The record before us sufficiently demonstrates by medical affidavit that plaintiffs attorney, a sole practitioner, was hospitalized twice in Boston during 1973 and was incapacitated from practicing for nearly one half of the year 1973. Supporting this claim of illness, we note that on February 25, 1974, later in the same month when the case was reached for trial and stricken, plaintiff’s attorney was once again hospitalized. Plaintiff’s attorney’s affidavit indicates his incapacity as a result of illness as the reason for the case being stricken from the calendar and accounts for his lack of activity thereafter until the motion to restore was made. Such is a satisfactory explanation in support of a motion to restore a case to the calendar under the rules of our court. The affidavit further factually and briefly stated the meritorious nature of the medical malpractice claim, indicated that copies of examinations before trial had now been served upon all of the defendants as required by a previous court order and that the case was then ready to proceed to trial. Attached to the affidavit was plaintiff’s proposed note of issue and statement of readiness indicating that all preliminary proceedings were complete. Except as to defendant Jones, there will be little, if any, prejudice to the defendants by restoring this meritorious wrongful death case to the calendar. Since the Statute of Limitations has run, dismissal would extinguish the decedent widow’s action. We believe that the motion to restore this case made timely within one year under rule 1024.13 should have been granted (Schickler v Seifert, 45 AD2d 816). While we believe justice would be best served by permitting plaintiff her day in court to have her action determined on the merits, we also recognize plaintiff’s counsel’s inactivity from June, 1971 to September 20, 1972 when defendant surgeon filed a note of issue placing the case on the Supreme Court Calendar for Monroe County. During the time prior to the date the case was marked ready for trial, defendant Dr. Jones has moved to Scotland where he now resides. Under these circumstances, we believe it appropriate to condition the relief granted upon plaintiff’s attorney personally paying costs in the sum of $1,000 to Dr. Jones or to his attorney in the doctor’s behalf for his necessary expenses in coming from Scotland to Rochester for the trial of this action (Galante v Solon Holding Corp., 46 AD2d 636). Upon payment and receipt of such sum the case may *1060 be restored; the costs directed, of course, may not be charged as a disbursement or considered in the fee in the event of a recovery, and the attorney’s closing statement should verify this to be the fact (Schickler v Seifert, supra, p 817). All concur except Simons and Mahoney, JJ. who dissent and vote to affirm the order in the following memorandum: We dissent from the majority’s decision that the Trial Justice abused his discretion in denying the application to restore this action to the Trial Calendar. This cause of action arose in 1966. Suit was commenced in 1967. The case was originally noticed for trial in 1972, not by the plaintiff, but by a defendant. The action was reached for trial in 1974 and was stricken when plaintiff failed to appear or proceed. At the time of plaintiff’s first application to restore, this action had been docketed only a few days less than the one-year period. It is the order denying that application which is reversed here. The only affidavit before the trial court on that motion was a one and one-half page statement by plaintiff’s attorney which asserted in one brief paragraph, and in the most conclusory and summary fashion, that the action had merit and had been docketed because of the attorney’s illness of nine and one-half months. There was no factual support for either of these assertions. Plaintiff was not represented on the return of the motion and the motion was denied by order dated January 18, 1975. None of the averments relied upon in the majority memorandum to support this reversal was before the trial court prior to that order. The information the majority rely upon was submitted to the court upon plaintiff’s second and third motions, both of which were decided after the action had been docketed for more than a year. That information should not be considered to reverse the court’s order of January 18, 1975. In our judgment, plaintiff’s submission falls well short of the requirements of our rules that motions to restore made within one year of docketing must be supported by affidavit "satisfactorily explaining” the docketing of the action and stating meritorious reasons for its restoration (22 NYCRR 1024.13). The majority’s reversal of the order involved in the appeal establishes that rule requires little more than a pro forma request for restoration and one which may be denied by the Trial Judge only at his peril, else he be held upon appellate review to have abused his discretion. In passing, we note that of the three unsuccessful motions made by plaintiff, it was not until plaintiff’s third effort that his submission approached the content and form which a Trial Justice might reasonably expect considering the age of this case, and even this third effort, in our judgment, was deficient in substance (see McIntire Assoc. v Glens Falls Ins. Co., 41 AD2d 692; and see Chavoustie v Village of Newark 52 AD2d 1064). The majority apparently view the second and third applications similarly since it bases its decision upon reversal of the first. order and less stringent requirements applicable to motions to restore made within the one-year period after the case has been stricken from the Trial Calendar. (Appeal from order of Monroe Supreme Court— restore to calendar.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ,