■ BARRY F. JONES, an Infant, by His Father and Natural Guardian, MICHAEL J. JONES, et al., Appellants, v PHILLIP A. MAPHEY, et al., Respon-

dents.—Order unanimously reversed, and motion granted, with costs, to respondents in accordance with the following memorandum: Plaintiffs appeal from an order denying their motion to vacate a judgment dismissing their complaint on the merits. The clerk entered the judgment of dismissal in accordance with an order made by Special Term on June 14, 1977 pursuant to CPLR 3216 which specified that the plaintiffs' complaint be dismissed on the merits. The order of dismissal was granted by default when plaintiffs' attorney failed to appear on the return date of defendants' motion. The summons in the action was served on September 30, 1974. The complaint was served on or about January 29, 1976 and issue was joined on March 10, 1976. Examinations before trial were conducted on July 29, 1976, and a bill of particulars was served on August 9, 1976. The demand to serve and file a note of issue within 45 days as then required by CPLR 3216 (subd [b], par [3]) was served by defendants on April 1, 1977. Upon plaintiffs' failure to comply defendants moved pursuant to CPLR 3216 (subd [a]) for dismissal of the complaint. Neither the notice of motion, served May 23, 1977, nor the motion papers contained a request that the dismissal be on the merits. On the return date, June 13, 1977, plaintiffs' attorney did not appear and the order was taken by default. Special Term, apparently on its own motion, added the proviso that the complaint be dismissed on the merits. "Unless the order specifies otherwise, the dismissal [for neglect to prosecute] is not on the merits" (CPLR 3216, subd [a]). Because a dismissal on the merits is *res judicata* and bars a subsequent action, an order granted pursuant to CPLR 3216, where the basis for the motion, as here, is solely the failure to prosecute, is ordinarily not on the merits. Where, however, the record before the court demonstrates that the case is so lacking in substance as to warrant an order of dismissal on the merits the court is empowered to make such an order. "Certainly this power conferred by 3216 (a) is not to be exercised upon judicial whim" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3216:12, p 922). Here defendants' notice of motion and answering affidavit cited only the failure to comply with the 45-day demand as the ground for the motion and made no reference to the merits or lack thereof. Thus, there was nothing before the court on the motion date upon which a determination on the merits could be based. For this reason and because the moving papers contained no notice that a dismissal on the merits would be sought it was an abuse of discretion for the court to make the order. Because the order of dismissal on the merits of June 14, 1977 was improperly made, the order denying plaintiffs' motion pursuant to CPLR 5015 (subd [a]) is reversed and the motion granted to the extent of vacating the judgment of dismissal on the merits and modifying the order of June 14 by eliminating therefrom the provision directing dismissal of the complaint on the merits and substituting therefor a direction that the complaint be dismissed not on the merits. Had plaintiffs' attorney appeared on the return date of the CPLR 3216 motion and presented the verified bill of particulars and the minutes of the examination before trial, the dismissal on the merits would undoubtedly not have been directed, and the subsequent motion and appeal would have been obviated. Inasmuch as plaintiffs' attorney has not offered a sufficient reason for his failure to appear on the CPLR 3216 motion and for his neglect to comply with the 45-day demand, we order, as a condition for our determination on this appeal, that plaintiffs' attorney personally pay costs in the sum of $300 to defendants. (See *Sesan v American Home Prods. Corp.,* 52 AD2d

1058; *Schickler v Seifert,* 45 AD2d 816.) (Appeal from order of Jefferson Supreme Court—modify judgment dismissing complaint.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.