■ LE FROIS FOODS CORP. et al., Respondents, v AETNA INSURANCE COMPANY et al., Defendants-Appellants and Third-Party Plaintiffs-Appellants. POLICY ADVANCING CORP., Third-Party Defendant-Appellant.—Order unanimously reversed, without costs, and motion to dismiss complaint granted. Memorandum: Plaintiffs commenced this action against the defendant fire insurance companies, Aetna Insurance Company and Royal Insurance Company, and Policy Advancing Corporation (PAC), a premium financing agency, to recover damages for a fire loss which occurred in December, 1971. This litigation which was commenced in 1972 has already been to this court twice. On April 17, 1975 we reinstated orders of preclusion obtained by PAC and the insurance companies *(Le Frois Foods Corp. v Aetna Ins. Co.,* 47 AD2d 994) and on November 4, 1977 we affirmed the granting of a motion for summary judgment in favor of PAC *(Le Frois Foods Corp. v Policy Advancing Corp.,* 59 AD2d 1013). The insurance companies then instituted a third-party action against PAC. Plaintiffs filed a note of issue in February, 1973. Our rules in 1973 did not require that the note of issue be accompanied by a statement of readiness, and none was filed. In December, 1973 the calendar clerk properly struck the case from the calendar and the case was then placed on the general docket. By order dated October 28, 1974 Calendar Term directed that the case be restored to the Trial Calendar. However, neither the order nor a new note of issue and statement of readiness was filed, as required, with the calendar clerk, who therefore marked the case "abandoned CPLR 3404" on January 24, 1975. In May, 1976 plaintiffs retained their third and present set of attorneys who represented them on the second appeal which we decided on November 4, 1977. On November 29, 1978 plaintiffs served a notice to take the deposition upon oral questions of the insurance companies. A partial examination of the Aetna Insurance Company was conducted on December 27, 1978. The insurance companies served a notice dated December 29, 1979 to take the testimony of PAC. Plaintiffs in turn served a cross notice to depose PAC. This notice prompted PAC to move for a protective order and an order dismissing the case. The insurance companies joined PAC's motion to dismiss. Plaintiffs made a cross motion to vacate the default judgment and restore the case to the calendar. Special Term denied PAC's motion and granted plaintiffs' cross motion. Our rules provide that a case placed on the general docket shall be deemed abandoned and dismissed pursuant to CPLR 3404, unless an order of restoration is filed with the calendar clerk within one year from the time the case is placed on the general docket (22 NYCRR 1024.13). Here the order obtained on October 28, 1974 was never filed with the calendar clerk who dismissed the case pursuant to CPLR 3404. Dismissal under CPLR 3404 creates a presumption of abandonment which may be rebutted "by a showing of some activity on plaintiff's part to demonstrate that the litigation is actually in progress *(Marco v Sachs,* 10 NY2d 542, 550, mot for rearg den 11 NY2d 766)" *(Omar v Fruit & Co.,* 59 AD2d 647, 648). However, plaintiff must move to vacate the default judgment. "We have repeatedly stated that, where a case has been deemed abandoned and dismissed under CPLR 3404 'a motion to open the default and restore the case to the calendar will require the same kind of proof of merit, lack of prejudice to the opposing party and excusable neglect as must be shown to

open a default judgment'" *(Goetzmann v Continental Cas. Co.,* 70 AD2d 1046, 1047, app dsmd 48 NY2d 654; see, also, *Colluci v Slippery Slats & All That,* 52 AD2d 1083; *Chauvoustie v Village of Newark,* 52 AD2d 1064; *McIntire Assoc. v Glens Falls Ins. Co.,* 41 AD2d 692). Although plaintiffs arguably have shown a meritorious claim, they have not demonstrated a lack of prejudice to the opposing parties and excusable neglect. Witnesses of the opposing parties have either left their employ, moved to other jurisdictions or died. The whereabouts of a key PAC witness is unknown. Furthermore, plaintiffs present no excuse for the delay. While the appeals pursued by the parties until November, 1977 could be construed as evidence of intent not to abandon the action *(Marco v Sachs, supra),* no excuse is proffered for plaintiffs' inertia in readying this action for trial. Except for the examination of Aetna on December 27, 1978, plaintiffs have engaged in no disclosure proceedings, a prerequisite to their completion of the statement of readiness. Absent a new note of issue and statement of readiness, the case could not be restored to the Trial Calendar. This inactivity, coupled with the prejudice to the defendants, precludes plaintiffs from reopening the default judgment or from overcoming the presumption of abandonment. (Appeals from order of Monroe Supreme Court—restore to calendar, etc.) Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Witmer, JJ.