■ DAVID N. BOUVIA et al., Respondents, v COMMUNITY GENERAL HOSPITAL OF GREATER SYRACUSE et al., Appellants. — Orders modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Special Term erred in granting plaintiffs' motion to vacate the dismissal, insofar as it applies to the defendants Shaheen, Cady, Harwood and Sebesta. On a motion to vacate an order of dismissal entered pursuant to CPLR 3404, plaintiff must rebut the presumption of abandonment and demonstrate excusable neglect, a meritorious claim and lack of prejudice to the opposing party (*Le Frois Foods Corp. v Aetna Ins. Co.,* 74 AD2d 730, app dsmd 49 NY2d 1043; *Goetzmann v Continental Cas. Co.,* 70 AD2d 1046, 1047, app dsmd 48 NY2d 654). Plaintiffs' affidavits of merit are sufficient to support a claim against defendants Yashruti and Community General Hospital, but fail to attest to a meritorious cause of action against the other defendants. Accordingly, plaintiffs' motion with respect to those defendants should have been denied. After filing a note of issue, plaintiffs' former counsel apparently was afflicted with a substantial physical and mental disability. It appears that he forgot about the case and was unaware of the fact that the calendar Judge, recognizing that a malpractice panel had to be convened, transferred the case to the general docket rather than to a medical malpractice calendar. For reasons not clear on the record, no malpractice panel hearing was ever scheduled despite the fact that David Bouvia's hospital records and file were submitted to the clerk of the court. David Bouvia knew that a malpractice panel hearing was necessary and attributed the delay to the fact that one had not been scheduled. After

unsuccessful attempts to learn the status of his case from his attorney, he contacted attorneys for one of the defendants who informed him the case had been dismissed. He then contacted the court directly to verify that fact and took steps immediately to vacate the order of dismissal. Such action on the part of the plaintiffs is sufficient to rebut the presumption of abandonment (see *Marco v Sachs,* 10 NY2d 542, 550; *Paiement v Hertz Corp., Auto Delivery Div.,* 47 AD2d 889; *Galante v Solon Holding Corp.,* 46 AD2d 636; *Briskman v Kushner,* 33 AD2d 1042). Nor is the delay attributable to "law office failure" (cf. *Monahan v Fiore,* 71 AD2d 914; *Odess v Medical Center, Teamster Local 1034,* 67 AD2d 941; *Alaimo v D & F Tr.* 35 AD2d 776; *Goldberg v Soifer,* 30 AD2d 533). Plaintiffs' counsel apparently was stricken with such a severe malady that he was unaware of plaintiffs' case or its status. Additionally, the court must share the blame for transferring the case to the general docket pending the convening of a medical malpractice panel and then failing in its obligation to schedule such hearing. David Bouvia sustained a very serious injury as a result of which he is permanently disabled and is entitled to his day in court to pursue his claims against defendants Yashruti and Community General Hospital. All concur, except Callahan, J., who dissents in part, in the following memorandum.

Callahan, J. (dissenting). I concur with the majority except as to that portion which modifies Special Term. As I view this record, such modification is not warranted. On November 20, 1978, this malpractice action was removed by the court from the Trial Calendar until such time as a required medical malpractice panel could be convened (22 NYCRR Part 1028). Under such direction, this matter should have been treated as a deferred case pursuant to 22 NYCRR 1024.15. It was a result of a judicial administrative error that the case was improperly put on the general docket where, after the expiration of one year, it was dismissed. To date, there has been no compliance with the court order; the panel has not convened. Under these circumstances, the parties should not be required to comply with the burden of proof mandated by CPLR 3404. Furthermore, Special Term did not abuse its discretion for the reasons stated in its memorandum decision. (Appeal from orders of Onondaga Supreme Court, Murphy, J. — restore to Trial Calendar.) Present — Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.