■ MARK SYGMAN, Appellant, v PEP FASHIONS, LTD., et al., Respondents. — Order, Supreme Court, New York County (Rubin, J.), entered on April 3, 1981, which denied plaintiff's motion to restore this action to the Trial Calendar, is unanimously reversed, with costs of this appeal to defendants, on the law and the facts, and in the exercise of discretion, and said motion to restore is granted on condition that the attorney for plaintiff-appellant, personally, pay to defendants the sum of $1,000 within 30 days after the date of entry of the order herein. In the event that such payment is not made within such time, the order appealed from is unanimously affirmed, with costs of this appeal to defendants. This is an action for an alleged breach of an employment contract which was marked off the Trial Calendar on May 4, 1979. Over one year later, on May 16, 1980, the plaintiff sought to restore this case to the calendar. Special Term denied this motion without prejudice to renewal upon submission of an affidavit of merit and upon a showing of good cause to restore. Plaintiff let six months elapse before submitting the appropriate documents. Special Term denied this renewed motion and the cause of action was deemed abandoned (CPLR 3404). It is from this order that plaintiff has appealed. CPLR 3404 merely creates a rebuttable presumption that the action has been abandoned (*Galante v Solon Holding Corp.*, 46 AD2d 636). Here no intent to abandon has been demonstrated. After joinder of issue, the plaintiff sought and obtained an order of attachment of assets belonging to defendant. This order was subsequently affirmed by this court (60 AD2d 1009). Thereafter, several steps were undertaken in order to prepare for trial. For example, pretrial discovery was completed, a note of issue and statement of readiness was filed and plaintiff was granted a trial preference. It, therefore, becomes clear that there was no intention to abandon this action. However, the less than due diligence exercised by plaintiff's attorney in failing to move this case to trial cannot go unnoticed. Dismissal of plaintiff's action because of counsel's inaction would be unjustifiably harsh. Justice would be better served by the imposition of the above-recited condition. Concur — Murphy, P. J., Sullivan, Ross, Silverman and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK VAN OSTEN, Appellant. — Judgment, Supreme Court, Bronx County (Hecht, J.), rendered on August 1, 1980, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Murphy, P. J., Sullivan, Ross, Silverman and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARDY RENAUD, Appellant. — Judgment, Supreme Court, New York County (Rothwax, J.), rendered on February 28, 1980, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Murphy, P. J., Sandler, Ross, Carro and Silverman, JJ.