■ SAUL MINEROFF et al., Appellants, v R. H. MACY's & Co. et al., Respondents. — In an action to recover money damages for, *inter alia,* false arrest and assault, plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Harwood, J.), dated September 28, 1982, as denied their motion to vacate a prior order of the same court, dated June 1, 1977, granting defendants' motion to dismiss the action. Order reversed insofar as appealed from, in the exercise of discretion, without cost or disbursements, plaintiffs' motion granted, and order dated June 1, 1977 vacated, on condition that plaintiffs' former attorney personally pay $1,000 in costs to defendants within 30 days of service upon him of a copy of the order to be made hereon with notice of entry; if plaintiffs' former attorney refuses to pay, plaintiffs are to personally pay the penalty imposed within 60 days of service upon them of a copy of the order to be made hereon with notice of entry; in the event such condition is not complied with, order affirmed insofar as appealed from, with costs. On or about May 9, 1975, plaintiffs commenced the instant lawsuit by service of a summons with notice. On June 1, 1977, Special Term granted defendants' motion to dismiss the action because plaintiffs failed to comply with prior disclosure orders. The motion was granted without opposition. Despite the order dismissing the action, it is clear that both parties treated the lawsuit as if it were ongoing. Plaintiffs finally produced the information which was the subject of the prior disclosure orders. By letter dated June 23, 1977, defendants acknowledged receipt of the information and stated that under the circumstances "we will regard the decision granting our motion as moot". Settlement negotiations

continued for several years, the parties conducted pretrial discovery albeit in a most unco-operative manner, and on or about March 4, 1982, plaintiffs moved to amend the *ad damnum* clause of their complaint. Defendants cross-moved for an order dismissing the complaint for failure to prosecute and upon the further ground that the action had already been dismissed pursuant to the June 1, 1977 order. By order dated May 4, 1982, the court denied plaintiffs' motion, holding that the action had not been reinstated by the conduct of the parties, and further noting that plaintiffs had not been relieved from the June 1, 1977 order by any method contemplated by CPLR 5015. Defendant's cross motion was also denied as moot. By order to show cause, dated July 7, 1982, plaintiff moved to vacate the June 1, 1977 order pursuant to CPLR 5015. Defendants cross-moved to dismiss pursuant to CPLR 3216. The court denied plaintiffs' motion to vacate concluding that their "perpetual disregard of statutory time requirements and court orders, including the order of which they now seek to be relieved, is the result of inexcusable and chronic law office failure". Although the court indicated that it was exercising its discretion pursuant to CPLR 5015, we note that the court did not address the question of whether plaintiffs have a meritorious cause of action. Moreover, it is apparent that the court felt constrained to strictly apply the principles set forth in *Barasch v Micucci* (49 NY2d 594). The court also denied defendants' cross motion to dismiss pursuant to CPLR 3216 as moot. This appeal followed. Defendants have not cross-appealed. We reverse. Although plaintiffs' conduct may be properly characterized as "law office failure", recent amendments to the CPLR have effectively overruled the *Barasch* (*supra*) line of cases and empowered the courts to exercise their discretion to excuse such delays in the interest of justice where the circumstances are otherwise deemed appropriate (CPLR 2005 [added L 1983, ch 318, eff June 21, 1983]; see *Pettinato v Sunscape at Bay Shore Home Owners Assn.,* 97 AD2d 434; *Wagenknecht v Government Employees Ins. Co.,* 97 AD2d 407; *S.G.S.G. Constr. Corp. v Marr,* 96 AD2d 937). The enactments are remedial in nature and applicable to cases *sub judice* (see L 1983, ch 318, § 3). Based on this legislative enactment, we conclude that plaintiffs' default should be excused in pursuance of the long-established public policy that actions should be considered on their merits. A proper exercise of discretion in cases like this requires a balanced consideration of all relevant factors including, *inter alia,* the merit or lack of merit of the action, the seriousness of the injury, the potential prejudice to the other party and the intent or lack of intent to deliberately default or abandon the action (see *Moran v Rynar,* 39 AD2d 718, 719). It is clear that both parties treated the action as ongoing when plaintiffs produced the requested information soon after the June 1, 1977 order. Settlement negotiations and pretrial discovery continued as if the order were moot. Under the circumstances, we conclude that defendants have not been prejudiced and dismissal would be unjustifiably harsh (see *Sygman v Pep Fashions,* 87 AD2d 787; *Galante v Solon Holding Corp.,* 46 AD2d 636). We also find that plaintiffs have submitted a sufficient affidavit of merits. Finally, we view this as an appropriate case to impose financial sanctions against offending counsel in preference to outright dismissal of plaintiffs' cause of action (see Memorandum of Office of Court Administration, 1983 McKinney's Session Laws, pp A582, A583, citing *Cockfield v Apotheker,* 81 AD2d 651). We further note that in the event the offending counsel refuses to pay the $1,000 penalty, and plaintiffs must pay that penalty, they may, if so advised, seek judgment against the offending counsel. Thompson, J. P., Brown, Rubin and Boyers, JJ., concur.