■ NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent, v CITY OF SYRACUSE, Appellant. — Order and judgment unanimously affirmed, without costs, for the reasons stated at Supreme Court, Stone, J. (Appeal from order and judgment of Supreme Court, Onondaga County, Stone, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.

■ JESSE E. O'DELL, Respondent, v SAMUEL STORNELLI et al., Appellants, et al., Defendant. — Order unanimously affirmed, with costs. Memorandum: Following denial of plaintiff's motion to vacate an order of dismissal entered pursuant to CPLR 3404, Special Term properly entertained plaintiff's motion to renew (see *Prude v County of Erie,* 47 AD2d 111, 113-114; cf. *Barry v Good Samaritan Hosp.,* 86 AD2d 853, revd on other grounds 56 NY2d 921) and thereupon, in the exercise of discretion, granted the relief requested. Plaintiff adequately rebutted the presumption of abandonment (see CPLR 3404; *Marco v Sachs,* 10 NY2d 542) and demonstrated excusable neglect, a meritorious claim and lack of prejudice to defendants (see *Bouvia v Community Gen. Hosp.,* 85 AD2d 909). (Appeal from order of Supreme Court, Onondaga County, Miller, J. — reargument — restore to calendar.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.

■ STANLEY WERB et al., Respondents, v ARTHUR V. DE GARMO, as Clay Town Assessor, et al., Appellants. — Judgment unanimously modified and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: In this tax certiorari proceeding involving an apartment complex, the trial court properly deducted, as an expense, the cost of "reserves for replacement" covering such items as stoves, refrigerators, and carpeting (*Matter of Willowbrook Assoc. v Finance Administrator of City of N. Y.,* 77 AD2d 901, 903; International Assn. of Assessing Officers, Property Assessment Valuation, pp 219-220, 224). Thereafter, the court correctly capitalized net income to arrive at full value. However, the court erred by deducting from its final figure the sum of $84,350, representing the value of personal property such as stoves and refrigerators. By deducting these items as an expense, their value was not included in the amount capitalized, and thus the final figure already excluded the value of personal property. Petitioner has thus had the benefit of a double deduction for the value of personal property. Accordingly, the court's finding of full value should be increased to $1,736,750, of which $148,500 is allocated to land and $1,588,250 is allocated to buildings. The matter is remitted to Supreme Court, Onondaga County, to recompute the amount of excess taxes owed to petitioner in accordance with this memorandum. We have reviewed respondent's remaining allegations of error and find them to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Balio, J. — Real Property Tax Law, art 7.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.