■ MILTON BERLIN, Respondent, v MATTHIAS O. SCHLOTTHAUER, Appellant, et al., Defendants.—In an action for a partition of certain real property, the defendant Matthias Schlotthauer appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Orgera, J.), entered May 9, 1984, as held, in effect, that the plaintiff had title to the subject property.

HAUER, Appellant, et al., Defendants.—In an action for a partition of certain real property, the defendant Matthias Schlotthauer appeals from an order of the Supreme Court, Suffolk County (Willen, J.), dated December 5, 1984, which denied his motion to vacate his default in answering.

Order reversed, in the exercise of discretion, without costs or disbursements, motion to vacate the default in answering granted, interlocutory judgment dated September 16, 1981 (Gowan, J.) and judgment entered May 9, 1984 (Orgera, J.) vacated, and matter remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith, on condition that the appellant's former attorney personally pays $1,500 in costs to the respondent within 30 days after service upon him of a copy of the order to be made hereon, with notice of entry, and if the appellant's former attorney refuses to pay, the appellant may personally pay the penalty imposed within 60 days after service upon him of a copy of the order to be made hereon, with notice of entry, and may, if he be so advised, seek judgment against the offending counsel in a plenary action; in the event such condition is not complied with, order affirmed, with costs. The appellant's proposed verified answer is deemed served.

This action was commenced in June 1980 by personal service of a summons and complaint upon the appellant Matthias Schlotthauer. Thereafter, Mr. Schlotthauer's former attorney obtained four stipulations extending his time to answer, but ultimately failed to do so. This default resulted in an interlocutory judgment of partition and direction of sale in September 1981. Throughout this period and the subsequent three years in which this matter remained pending, the appellant's former counsel repeatedly advised him that the entire matter would be advantageously resolved. Consequently, Mr. Schlotthauer did not learn that a partition had been granted and his home sold out from under him until the plaintiff served him with an order of possession and referee's deed in June 1984.

Upon the appellant's motion, by his then newly retained counsel, to vacate his default, Special Term denied the motion, finding that it was precluded from vacating the appellant's default because his former counsel had served and filed a notice of appeal from the final judgment of partition. This was error. The notice of appeal was served only to protect the appellant's rights to appeal from the final judgment (CPLR 5513) and, under the circumstances at bar, did not constitute an election of remedies or otherwise preclude his subsequent

motion to vacate his default. In any event, a motion to vacate an excusable default pursuant to CPLR 5015 (a) (1) is the appropriate course of action in such a situation.

In his motion papers, the appellant met his burden of showing a reasonable excuse for his default (CPLR 2005; *Mineroff v Macy's & Co.*, 97 AD2d 535) and the existence of colorably meritorious equitable defenses to the partition action *(see, e.g., Advance Footwear Co. v Air Jamaica*, 98 AD2d 677). In particular, the appellant has demonstrated that there exists an issue regarding the validity of the plaintiff's title or interest in the subject property which he is entitled to raise in the partition action (RPAPL 907 [1]). Thus, under all of the attendant circumstances, we conclude that vacatur of the default, in pursuance of the long-standing policy favoring the determination of actions on their merits, is appropriate in this case *(see, Mineroff v Macy's & Co., supra)*. However, we also view this as an appropriate case to impose financial sanctions upon the offending counsel as a condition to the vacatur of the default *(see, e.g., Cockfield v Apotheker*, 81 AD2d 651; mem of Office of Court Administration, 1983 McKinney's Session Laws of NY, at 3014). Should the appellant's former counsel refuse to pay the $1,500, the appellant may do so and may thereafter seek judgment against the offending counsel in a plenary action. Bracken, J. P., Lawrence, Eiber and Kooper, JJ., concur.