■ JONATHAN BECK, an Infant, by His Mother, SUSAN BECK, et al., Respondents, v ELEANOR S. DILLMAN et al., Appellants. —In an automobile negligence action to recover damages for

personal injuries, etc., the defendants separately appeal from an order of the Supreme Court, Nassau County (Molloy, J.), dated September 12, 1985, which granted the plaintiffs' motion to restore the action to the Trial Calendar.

Ordered that the order is reversed, in the exercise of discretion, with one bill of costs, the motion is denied, and the action is dismissed.

The genesis of the instant action is an automobile collision which occurred on November 6, 1973. Although the plaintiffs commenced this lawsuit in or about January 1974, due to protracted delays and their repeated failure to timely prosecute the lawsuit, in July 1982 the action was deemed abandoned and dismissed pursuant to CPLR 3404. Thereafter, the plaintiffs were given numerous opportunities, by various court orders, to remedy the default. The plaintiffs, nevertheless, persisted in this pattern of continuous and protracted delay. Indeed, the present record discloses that within the course of a period of over 11 years, the plaintiffs progressed no further than having their case marked "ON" and "OFF" several calendars.

A party bringing an action should not abandon his case, let judgment be taken against him, and then test the patience of the court by repeated motions to restore the action to the Trial Calendar. This is the type of activity which CPLR 3404 seeks to prevent, and is the type of activity in which the plaintiffs have engaged.

Where an adverse party will be prejudiced, and no justifiable excuse is presented for the extensive delay, the moving party is not entitled to a vacatur of the default, regardless of the meritorious nature of the case (see, Montalvo v Nel Taxi Corp., 114 AD2d 494, appeal denied in part and dismissed in part 68 NY2d 643). We find that Special Term abused its discretion in permitting the plaintiffs to revive this action, yet another time, in view of the extensive delay, the absence of an adequate explanation for the delay, and the prejudice which would inure to the defendants if forced to defend this action (see, Fluman v TSS Dept. Stores, 100 AD2d 838; Le Frois Foods Corp. v Aetna Ins. Co., 74 AD2d 730, appeal dismissed 49 NY2d 1043; Dunne v McGuirk, 62 AD2d 1080). Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.